## 53611. MASTER v. SAVANNAH SURETY ASSOCIATES, INC. et al.

SMITH, Judge.

The appellant, Master, was removed as president of the defendant/appellee corporation and he sued claiming he was defrauded and slandered by the corporation and its directors. The appellees filed and served a notice to take the appellant's deposition, and at the deposition the appellant refused to answer numerous substantive questions on the grounds that the answers might tend to incriminate him. Significantly, a felony indictment based on the same events was pending against the appellant. The appellees filed and the court granted a motion to compel answers, and the appellant appeals that decision to this court via a certificate of immediate review. Under the circumstances here, we find that the motion should

not have been immediately granted. The appellant, because of his overriding interest not to incriminate himself, especially when he faces pending criminal action, has the right to refuse to answer without harmful consequence to himself. The judgment is, therefore, reversed.

It is indisputable that a party, by bringing a civil action, does not forfeit his constitutional and statutory rights not to be compelled to incriminate himself. However, where he invokes the privilege and thereby avoids answering questions relevant to allegations in his pleadings, a trial court is ordinarily authorized to impose sanctions against the party's lawsuit, but not against the individual.

The appellees followed the proper course in obtaining an order compelling discovery under § 37 (a) of the Civil Practice Act (Code Ann. § 81A-137 (a)). The appellant may now invoke his privilege and continue to refuse to answer the questions, but the court will eventually be authorized to impose any of the nonpersonal sanctions authorized by § 37 (b) (2) of the Civil Practice Act (Code Ann. § 81A-137 (b) (2)).

The guiding principle here is essentially one of fairness to both parties. See 4 Moore's Federal Practice 26-251, ¶ 26.60 [6]. The right against self-incrimination cannot be erected as a shield behind which a litigant in a civil action may stand to avoid being deposed, thus gaining an advantage over his opponent without any detriment to himself. On the other hand, the appellant here, by the order to answer, was possibly placed in the dilemma of having to forfeit his cause in one current case in order to protect his cause in the other. Section 26 (c) of the Civil Practice Act (Code Ann. § 81A-126 (c)) provides a procedure for a court to "make any order which justice requires to protect a party from . . . oppression, or undue burden. . ." As long as the criminal case against the appellant is not finally resolved, it is oppressive and unduly burdensome to require him either to prejudice himself in his criminal defense or to suffer dismissal of his civil case. An appropriate course, fair to both parties, would be to stay the grant of the motion to compel answers until the independent criminal proceeding has ended,

and, if necessary, to stay any further discovery or proceedings in the civil action until this matter of discovery is resolved. With these directions, the judgment is reversed.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

Argued March 1, 1977 — Decided July 5, 1977 —
Rehearing denied July 29, 1977 —

*Crawford & Erb, Ronald C. Crawford, Robert J. Erb,* for appellant.

*Miller, Beckmann & Simpson, J. Stephen Lewis, John M. Tatum, Stanley M. Karsman, Charles H. Brown,* for appellees.