### 32888. SAVANNAH SURETY ASSOCIATES, INC. et al. v. MASTER.

HILL, Justice.

Plaintiff filed a two-count, $2,000,000 damage suit against the defendants alleging that the defendants slandered plaintiff by charging him with criminal conduct and that they wrongfully ousted him as president of the defendant corporation. In their answers the defendants asserted, among others, truth as a defense to the slander count and a counterclaim for sums allegedly due to the corporation.

On notice, the defendants sought to take the plaintiff's oral deposition but plaintiff refused to answer, on grounds of possible self-incrimination, each of the following questions: How did you come to know the individual defendants? What office did you hold in the defendant corporation? When were you employed as president? Were you generally in charge of day to day management of the business? What happened on the day of your alleged discharge? Describe in your own words how the individual defendants ejected you from the premises as alleged in paragraph 7 of your complaint? Did they pick you up and throw you out or did you leave on your own legs? Did the company write life insurance? Did it write casualty insurance? Did it engage in the bail bond business? Did you have an employment agreement with your employer? What salary did you receive? Did you have any income other than your salary? Where did the company do its banking business? Where did you do your banking? To whom did the defendants impute [publish] slander or crime? To each of these questions, among numerous others, the plaintiff replied: "I refuse to answer that question on the ground it may tend to incriminate me" or words to that effect.

The defendants made a motion pursuant to Code Ann. § 81A-137(a) for order compelling answer which the trial court granted. On plaintiff's appeal by certificate for immediate review, the Court of Appeals reversed, noting

that a felony indictment based on these events was pending against the plaintiff and holding that the order to answer placed the plaintiff in the dilemma of having to forfeit either his civil claim or criminal defense in order to protect the other, that as long as the criminal case was pending it was oppressive and unduly burdensome to require him to either prejudice his criminal defense or suffer dismissal of his civil case, and that the trial court should have stayed the grant of the motion to compel until the criminal proceeding had ended. *Master v. Savannah Surety Assoc.,* 143 Ga. App. 109 (237 SE2d 599) (1977). We granted certiorari.

We note at the outset that a person may invoke the privilege against self-incrimination without reference to whether an indictment or accusation is pending against him. Wright & Miller, Federal Practice and Procedure: Civil § 2018 (1970). Thus, there is no assurance that plaintiff's right and need to invoke the privilege will cease upon termination of the pending criminal case. If that indictment were "nol prossed" without trial, the plaintiff could still assert the privilege. The dilemma of a plaintiff in a civil suit who needs the privilege against self-incrimination is virtually the same whether or not an indictment is pending.

This case involves a plaintiff who voluntarily filed suit against his former employer and fellow stockholders. The plaintiff's dilemma arose because plaintiff filed the civil suit. What may happen when a plaintiff in a civil case asserts the privilege against self-incrimination therefore would not be the same as when a defendant asserts that same privilege. Nor would it necessarily be the same as a plaintiff asserting the privilege in defense of a counterclaim.

We lawyers may overlook the agitation many laymen feel from the mere pendency of a lawsuit against them. Lawyers like litigation; defendants do not. We have become accustomed to drawn out litigation without fully recognizing that the pendency alone of a lawsuit seeking damages ($2,000,000 in this case) can appear on the defendant's financial statements and can affect his, her or its insurance rates and ability to borrow money. It can affect a corporation's ability to sell its stock as well as its

440

capacity to merge with other corporations. The extended pendency of a lawsuit is a liability and a detriment not to be tolerated except when plaintiff's right to his day in court makes the burden necessary.

The remedy available to a party whose discovery efforts are frustrated by his opponent's refusal to submit to discovery is contained in the two-step procedure of Code Ann. § 81A-137. First, a motion for order compelling discovery must be made, heard and granted. The obstinate party is then afforded another opportunity to provide discovery. If he fails to do so, the second step is for the court to enter such order as is just, including the imposition of one or more of the sanctions set forth in Code Ann. § 81A-137 (b) (2). In the case before us the trial court has taken only the first step—the issuance of an order compelling answer.

The issuance of an order compelling answer is a prerequisite to the use of sanctions and is not such compulsion on a plaintiff to incriminate himself as is prohibited by the Fifth Amendment. See Lyons v. Johnson, 415 F2d 540 (9th Cir. 1969); Thomas v. United States, 531 F2d 746 (5th Cir. 1976).

Whether the plaintiff will refuse to obey the order to answer and, if so, what sanctions the trial court may appropriately enter under the circumstances of this case are matters which are not presently before us.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 15, 1977 — DECIDED JANUARY 3, 1978.

*Miller, Beckmann & Simpson, John M. Tatum,* for appellants.

*Crawford & Erb, Ronald Crawford, Robert Erb,* for appellee.