### 56763. MASTER v. SAVANNAH SURETY ASSOCIATES, INC. et al.

SMITH, Judge.

The issue here is whether the trial court was authorized to impose the sanction of dismissal against Master's lawsuit following Master's refusal, on self-incrimination grounds, to comply with an order compelling discovery by answering questions propounded by Savannah Surety Associates. Finding the sanction

authorized, we affirm.

Master, the plaintiff in this lawsuit, attended a defendant-sponsored deposition at which he invoked the self-incrimination privilege to refuse to answer numerous questions. The defendants sought, and obtained, a rule 37 (a) order compelling answers. CPA § 37 (a) (Code Ann. §81A-137 (a)). Master sought, and obtained, immediate review of the order, and we reversed. *Master v. Savannah Surety Assoc.,* 143 Ga. App. 109 (237 SE2d 599) (1977). On certiorari, the Supreme Court reversed us, leaving intact the order compelling discovery. *Savannah Surety Assoc. v. Master,* 240 Ga. 438 (241 SE2d 192) (1978). The factual background of this case was amply detailed in the two prior opinions and will not be repeated here.

1. The appellant's first three enumerations attack the propriety of the grant of the order compelling discovery. These contentions were conclusively rejected by the Supreme Court in its earlier opinion; the enumerations therefore present nothing for us to decide. CPA § 60 (h).

2. After the Supreme Court's decision, Master persisted in refusing to answer the questions, and the trial court responded by dismissing his lawsuit. The Supreme Court previously abstained from deciding, in the event Master should refuse to obey the order to answer, "what sanctions the trial court may appropriately enter under the circumstances of this case." *Savannah Surety Assoc. v. Master,* 240 Ga. 438, 440, supra. However, apposite federal cases, together with the gloss placed on this case by the Supreme Court's earlier opinion, indicate that dismissal was an appropriate sanction here.

It is noteworthy that Master's refusal to answer the questions was expressly and exclusively predicated on the self-incrimination clause of the Fifth Amendment to the United States Constitution. Therefore, the roughly parallel Georgia constitutional (Code § 2-113) and statutory (Code §§ 38-417 and 38-1205) provisions, and interpretations of them, are not material here.

Federal-court interpretations of the federal constitutional privilege have generally allowed dismissal of a plaintiff's action as a sanction against the plaintiff who is avoiding discovery via the self-incrimination

privilege. Lyons v. Johnson, 415 F2d 540 (9th Cir. 1969); Brown v. Ames, 346 FSupp. 1176 (D. Minn. 1972); Bramble v. Kleindienst, 357 FSupp. 1028 (D. Col. 1973); Penn Communications Specialties, Inc. v. Hess, 65 FRD 510 (E. D. Pa. 1975). See also Foss v. Gerstein, 58 FRD 627 (S.D. Fla. 1973), where dismissal was imposed against a plaintiff who refused to appear for deposition because criminal charges on the same subject matter were pending against him. In view of the above cases, we know of no reason why dismissal would not be an appropriate sanction in this case, other than, perhaps, those reasons which we advanced in our earlier opinion and which the Supreme Court rejected.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 4, 1978 — DECIDED JANUARY 11, 1979.

*Crawford & Erb, Ronald C. Crawford, Robert J. Erb,* for appellant.

*Miller, Beckmann & Simpson, John M. Tatum,* for appellees.