67975. RUBIN et al. v. CINDYREAL, N.V.

SOGNIER, Judge.

Cindyreal, N.V. filed a dispossesory action against Leonard J. Rubin and Doctors & Surgeons Hair Care Clinic, P.A. for rent past due under a lease agreement. Based upon the defendants' failure to respond to certain requests for discovery and to comply with an order compelling discovery, the trial court imposed sanctions pursuant to OCGA § 9-11-37, striking the answer and rendering a judgment by default, and dismissing defendants' counterclaim. A nonjury trial was held on the sole issue of the amount of rent due, and judgment was entered in favor of Cindyreal in the amount of $18,618.20. Rubin appeals.

The procedural history of this case shows that after appellant failed to respond to appellee's first interrogatories, propounded on October 12, 1982, and appellee filed a motion to compel, the trial court issued an order on January 6, 1983, giving appellant 10 days to respond fully and completely to the interrogatories. Upon receipt of an incomplete response, appellee moved for sanctions and an order dismissing the counterclaim and granting default judgment, after which appellant presented complete responses to the interrogatories.

On February 18, 1983, appellee noticed appellant to produce certain records and documents as provided by OCGA § 9-11-37 for duplicating on March 28. When appellant failed to produce the requested materials on that date, appellee moved to dismiss the counterclaim and for default judgment, or in the alternative, for an order compelling discovery and sanctions. On April 5, 1983, the trial court entered a consent order and judgment ordering appellant to produce the requested documents on or before May 5, 1983.

Appellant failed to comply with the April 5 order and appellee again moved for sanctions, dismissal of appellant's counterclaim and default judgment. On June 15, 1983, the trial court issued an order

and judgment finding that appellant had repeatedly and wilfully abused the procedure for discovery, and that appellant's failure to comply with the court's April 5 order required the imposition of sanctions pursuant to OCGA § 9-11-37. The court ordered that appellant's answer be stricken, rendering a default judgment against him, and that his counterclaim be dismissed.

Appellant contends that the trial court erred by striking his answer and entering default judgment against him when appellant's failure to produce documents related solely to appellant's counterclaim. We find no merit, however, in appellant's argument that the trial court was limited to the sanction of dismissing appellant's counterclaim.

We note initially that appellant does not contend that the two-step procedure of OCGA § 9-11-37 for compelling discovery was not correctly followed. See *Savannah Surety Assoc. v. Master*, 240 Ga. 438, 440 (241 SE2d 192) (1978). In the most flagrant cases where the failure to respond to requests for discovery is " 'wilful, in bad faith or *in conscious disregard of an order . . . .*' " (emphasis supplied), the trial court is authorized to invoke the drastic sanctions of dismissal and default. *Thornton v. Burson*, 151 Ga. App. 456, 459 (260 SE2d 388) (1979). "[A] very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By [OCGA § 9-11-37 (b) (2) (C)] the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. This applies to the disobeying of an order to produce. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. [Cit.]" *Dean v. Gainesville Stone Co.*, 120 Ga. App. 315, 316-317 (170 SE2d 348) (1969). See *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506, 507 (5) (305 SE2d 14) (1983). Under the circumstances here we find no abuse of discretion in the striking of appellant's answer as well as the dismissal of his counterclaim.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 18, 1984.

*Macklyn A. Smith, Sr.*, for appellants.
*Edward W. Gadrix, Jr.*, for appellee.