68428. HARWOOD et al. v. GREAT AMERICAN MANAGEMENT & INVESTMENT, INC.

BANKE, Presiding Judge.

The appellants appeal an order dismissing their complaint as sanction for their alleged failure to comply with a discovery order.

Acting in their capacity as trustees of Institutional Investors Trust (IIT), the appellants filed suit against the appellee, Great American Management and Investment, Inc., to recover an indebtedness in the principal amount of $200,000 allegedly owed to them under the terms of a guaranty agreement. Two individuals were originally named as defendants along with Great American, but they were later awarded summary judgment, and that order was affirmed by this court in *Harwood v. Great American Mgt. & Inv.,* 156 Ga. App. 22 (274 SE2d 5) (1980).

In defense of the appellants' claim, Great American asserts, among other things, that certain conditions precedent to its liability under the agreement have not occurred; that the appellants have taken certain actions which have increased its risk and exposed it to greater liability; and that the appellants have released, compromised, or compounded the original indebtedness.

The complaint was filed in 1978. In October of 1979, Great American served the appellants with 21 pages of interrogatories and with a request for production of documents. The interrogatories sought, among other things, detailed information regarding the identity and job responsibilities of all of IIT's employees, officers, and trustees; a complete description of all the organization's business activities in the United States from 1970 to the present; and detailed information regarding its structure and ownership, as well as the structure and own-

ership of any of its predecessors, parents, affiliates, or subsidiaries. The interrogatories also sought information regarding the evidentiary basis for the allegations contained in the complaint, as well as identification of all witnesses expected to be called at trial.

The appellants objected to the request for production of documents in its entirety, based primarily on the fact that the documents were located in New York while production was requested in Atlanta. While responding to some of the interrogatories, the appellants objected to others based on lack of relevancy to the litigation. In March of 1980, Great American moved for imposition of sanctions and for an order compelling proper responses both to the interrogatories and to the request for production. On February 9, 1981, following a telephone conference with the attorneys for the parties, the trial judge issued an order requiring the appellants to produce the requested documents upon payment by Great American of shipping charges from New York. The judge also required the appellants to supplement their answers to the interrogatories fully and completely within 10 days "to the full extent of their knowledge and within the realm of utmost good faith . . ." The appellants produced the requested documents in accordance with the court's order and have apparently complied fully with all subsequent requests for discovery. However, based on a determination by counsel "that we had done the best we could from the documentation on hand and the knowledge of the then present trustees and employees," the appellants did not supplement their original responses to the interrogatories within the 10-day period.

In August of 1981, in apparent response to a motion filed by the appellants to obtain sanctions for Great American's alleged refusal to comply with certain discovery requests, Great American moved for the dismissal of the complaint as sanction for the appellants' failure to comply with the portion of the February 1981 court order requiring supplementation of the original interrogatory responses. The case was subsequently assigned to a different judge, who granted the dismissal motion in February of 1982, without holding a hearing. This court reversed that judgment in *Harwood v. Great American Mgt. & Inv.*, 164 Ga. App. 703 (298 SE2d 263) (1982), ruling that the harsh sanction of dismissal could not be imposed without holding an evidentiary hearing on the issue of wilfulness. On remand, the trial court held such a hearing and again dismissed the complaint, based on findings that the appellants had wilfully failed to supplement their responses to the interrogatories in a timely manner and had thereby impeded Great American's ability to defend the action and had flagrantly abused the discovery process. The court also awarded attorney fees to Great American in the amount of $350.

It is undisputed that following the issuance of the February 1981

order requiring supplementation of the interrogatory responses, appellants' counsel telephoned Great American's counsel several times to ask him what further information he wanted but that the latter would say only that he wanted the appellants to do what the judge had ordered. The appellants did finally file supplemental responses to the interrogatories in September of 1983, pending the hearing on Great American's motion to dismiss. Many of these supplemental responses make reference to information already provided to Great American, while others provide general information regarding IIT's personnel and organizational structure which has no apparent relevance to any of the issues involved in this litigation. *Held:*

"[T]he dismissal of a lawsuit under Code Ann. § 81A-137 [OCGA § 9-11-37] for failure to comply with a discovery order is an extreme sanction which may only be employed for a wilful failure in bad faith or in total disregard of the court's order." *Sossenko v. Michelin Tire Corp.*, 164 Ga. App. 201, 202 (296 SE2d 754) (1982). Such a sanction is generally warranted "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. (Cit.)" *Mathews v. City of Atlanta*, 167 Ga. App. 168, 169 (306 SE2d 3) (1983). Accord *Porter v. Eastern Air Lines*, 165 Ga. App. 152, 154 (300 SE2d 525) (1983).

Taking into account all of the circumstances appearing of record in this case, we cannot agree with the trial court that the appellants' failure to supplement their interrogatory responses within 10 days of the February 1981 order constituted either a delaying tactic or contumacious conduct. In the first place, the order was somewhat vague and ambiguous in that it did not specifically purport to resolve the dispute over whether all the information being sought was relevant, nor did it purport to require the appellants to provide any specific items of information. Rather, the court left it to the appellants to answer "within the realm of utmost good faith . . ." Such language may reasonably be construed as allowing the appellants to exercise some discretion in formulating their responses. The appellants clearly did not act in total disregard of the order, for they complied fully with the portion pertaining to the request for production of documents. Nor can it reasonably be said that their failure to supplement their previous interrogatory responses constituted a flagrant abuse of the discovery process, for it appears that much of the information sought in the unanswered interrogatories was provided to the appellee in response to other discovery requests; and it is undisputed that appellants' counsel attempted unsuccessfully on several occasions to determine from Great American what further information it needed. These attempts are particularly significant in view of the fact that many of the interrogatories which the appellants had declined to answer were so broad in their sweep as to give the appearance that they

were propounded for harassment purposes. For example, the interrogatories sought information on *all* of the IIT's officers, employees, and trustees, without regard to whether they had been involved in any transaction connected to the litigation. They also sought a complete summary of all of the organization's business dealings since 1970, without regard to their relevance or connection to the claim. We further note that the appellee has at no time made any showing which would tend to support the court's conclusion that the appellants' failure to supplement their interrogatory responses in fact impeded its ability to prepare a defense.

The trial court's discretion in dealing with discovery matters is very broad, and this court has stated on numerous occasions that it will not interfere with the exercise of that discretion absent a clear abuse. See, e.g., *Rucker v. Blakey*, 157 Ga. App. 615, 616 (278 SE2d 158) (1981); *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593, 595 (226 SE2d 742) (1976). However, under the peculiar circumstances of this case, it cannot reasonably be said that the appellants were guilty of such a wilful or flagrant disregard either of the court or of the discovery process as would justify the extreme sanction of dismissal.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JULY 5, 1984.

*Jay E. Loeb*, for appellants.
*Bruce B. Weddell, Charles J. Driebe, George E. Glaze*, for appellee.