A91A1263, A91A1264. ROBENOLT v. CHRYSLER FINANCIAL SERVICES CORPORATION (two cases).

(410 SE2d 365)

SOGNIER, Chief Judge.

Chrysler Financial Services Corporation filed an action against Nancy Robenolt, seeking to foreclose its security interest in Robenolt's mobile home. The trial court granted a writ of possession to Chrysler, and in Case No. A91A1263 Robenolt appeals from the denial of her motion to vacate and set aside the judgment granting the writ, or in the alternative, for a new trial. In Case No. A91A1264, Robenolt appeals from the trial court's subsequent order requiring her to make payments on the underlying debt pending appeal. The

two appeals are consolidated for review.

1. OCGA § 5-6-35 (a) (8) provides that appeals from "orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment" are discretionary, requiring application for leave to appeal. In *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989), the Supreme Court held that this legislative requirement is mandatory and may not be circumvented by filing a direct appeal from the denial of a motion for new trial which includes enumerations pertaining also to the denial of a motion to set aside. The holding in *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980) does not apply in those circumstances, *Yancey*, supra at n. 1, and any enumerations in such a direct appeal contending error in the denial of the motion to set aside the judgment must be dismissed for failure to follow proper appellate procedure. Accordingly, the portion of Case No. A91A1263 pertaining to the denial of appellant's motion to vacate and set aside the trial court's judgment is dismissed.

2. In her second enumeration of error, appellant contends the trial court erred by denying her motion for new trial because the writ of possession was granted without holding a trial as required by OCGA § 44-14-233 (c). The record reveals that a rule nisi was scheduled on the petition for writ of possession, and the parties agree that the original hearing was continued by consent. In her brief on appeal, appellant contends the rescheduled evidentiary hearing did not take place, while appellee, in its brief, states that the hearing was held at the place and time scheduled but that appellant failed to appear. As the parties do not agree on what transpired, and the record does not indicate affirmatively whether a hearing was held and, if so, whether appellant was present, we must assume the trial court acted properly. " 'The trial judge is presumed to know the law (cit.) and presumed to "faithfully and lawfully (perform) the duties devolving upon [him] by law." [Cit.]' [Cits.] . . . '(T)his court will not presume the trial court committed error where that fact does not affirmatively appear.' [Cits.]" *Green v. Sun Trust Banks*, 197 Ga. App. 804, 807 (3) (399 SE2d 712) (1990). Accordingly, the trial court's denial of appellant's motion for a new trial is affirmed.

3. Appellant maintains that Rule 3.2 of the Uniform Superior Court Rules was not complied with in that the various rulings in the case were not made by the same judge. We find no merit in this enumeration. First, Rule 3.2 provides that *"[w]hen practical, all actions* involving substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge." (Emphasis supplied.) The emphasized language makes it apparent that the rule was intended to apply to multiple cases with a common

factor, rather than to different hearings in the same case, and thus does not apply here. Moreover, in non-metropolitan areas, where the circuit's judges preside over cases in several counties on different dates, as was the case here, it is often unfeasible and unwise for reasons of judicial economy for a single judge to preside over all hearings in a single case. We decline to hold that the USCR prohibits the common practice of assigning a particular judge to hear all motions on a designated "motions day," particularly given that USCR 2.5 defines the term "assigned judge" as "the judge to whom an action is assigned in accordance with these rules; or, if the context permits, in circuits having approved local rules permitting a general calendaring system, to the trial judge responsible for the matter at any particular time."

4. Appellant's remaining enumerations pertain to Case No. A91A1264, in which appellant complains of the trial court's order compelling her to make payments on the rental contract pending appeal.

(a) Appellant contends the trial court was without jurisdiction to order her to pay rent into the registry of the court pending appeal because that order was entered after appellant had filed a notice of appeal. Even assuming appellant is correct, however, she would be required to make those payments pursuant to OCGA § 44-14-235, because that statute authorizes a defendant in a personal property foreclosure action to remain in possession of the secured property pending appeal of the grant of a writ of possession to the plaintiff "provided that the defendant complies with all of the provisions of Code Section 44-14-234 [which requires rent payments to be made into the registry of the court] until the issue has been finally determined on appeal." Accordingly, appellant has shown no harm, and " '[i]t is an old and sound rule that error to be reversible must be harmful.' . . . [Cit.]" *Ingram v. Peterson*, 196 Ga. App. 888, 891 (397 SE2d 141) (1990).

(b) Since appellant claims no amount is due under the contract, we agree with appellant that pending final resolution on appeal, pursuant to OCGA § 44-14-234 (5), as they become due payments should be made into the registry of the court and held in the court registry, rather than being made to appellee, as the trial court directed in its order.

5. Appellee's motion for a frivolous appeal penalty is denied.

*Judgment affirmed in part and dismissed in part in Case No. A91A1263. Judgment affirmed with direction in Case No. A91A1264. McMurray, P. J., and Andrews, J., concur.*

Decided September 10, 1991.

*J. Laddie Boatright*, for appellant.
*Mark C. Walker, Edward B. Claxton III*, for appellee.