## A91A1395. JOHNSON v. LOMAS MORTGAGE USA, INC.

(411 SE2d 731)

BEASLEY, Judge.

Appellant Harold Johnson, as legal guardian of Marion Johnson, filed the present pro se action against appellee Lomas Mortgage seeking damages for abusive litigation under OCGA § 51-7-80 et seq. The trial court dismissed the complaint under OCGA § 9-11-37 (b) (2) (C) because of Johnson's failure to comply with a court order compelling discovery.

The complaint is that Lomas named Marion Johnson as one of several defendants in a proceeding in Florida to foreclose a mortgage on property titled in the name of Harold Johnson. Johnson contends that "[t]here was no substantial justification to include Mrs. Johnson in that foreclosure and it was but a frivolous act groundless in fact and law and was intended to be vexatious. . . ." See OCGA § 51-7-80 (7). On Marion Johnson's behalf, he alleges that the foreclosure proceedings damaged her credit and reputation.

In the proceeding in Florida to foreclose the mortgage, Lomas named Harold Johnson, an unknown spouse of Harold Johnson (if married), Marion Johnson, a bank, a credit union, a savings and loan association, and the Florida Department of Revenue, on grounds that each of the foregoing parties might have a claim or demand in the subject property.

By virtue of a power of attorney executed in July of 1988 and authorizing Harold Johnson to represent Marion Johnson, he filed an answer on her behalf, stating that she had no interest in the property as a result of a quitclaim deed conveying her interest to Harold Johnson and the Florida courts were therefore without jurisdiction over her. The quitclaim deed was dated February 24, 1987, and was filed on March 11, 1987. It was also executed by Harold Johnson on Marion Johnson's behalf, pursuant to a power of attorney that was dated December 26, 1985, but filed on January 23, 1987, approximately one month before the quitclaim deed was executed.

In the Florida proceeding, Harold Johnson asserted that he had not defaulted on the mortgage but that fraud and improper servicing by the mortgagee's servicing agent had caused the default.

Final judgment confirming the foreclosure sale was entered by the Florida court.

In this case, Lomas served Johnson with interrogatories and a request for production of documents pursuant to OCGA §§ 9-11-33 and 9-11-34, seeking, among other things: the dates Johnson acquired his interest in the property, took possession of the property, and vacated the property; loan applications by Johnson with any lender offering the property as security for a loan; the reasons that legal guardianship of Marion Johnson was required; the application for guardianship and

the date it was made; and each and every place Harold Johnson had resided over the past ten years and documents relating thereto.

In response, Johnson filed a collection of documents, letters, and pleadings. These papers chronicled such things as a settlement agreement between him and the mortgagee allowing him to reinstate the mortgage by paying various sums; a subsequent letter to Johnson from the mortgagee's servicing agent stating that foreclosure proceedings would be commenced, but that he could appeal to HUD for an assignment of the mortgage; and correspondence requesting that HUD and a congressional subcommittee investigate the servicing agent.

After service of the collection, Lomas filed a motion under OCGA § 9-11-37 (a) to compel response to its discovery requests, stating that what was served was not responsive and that Lomas had unavailingly requested Johnson to respond, pursuant to Uniform Superior Court Rule 6.4.

The trial court entered an order finding that Johnson's collection of papers was not responsive to Lomas' discovery requests and directing Johnson to file a response within 15 days of the court order and to pay expenses to Lomas. Johnson filed various successive motions but no response to Lomas' discovery requests other than the statement that he had no documents other than those originally served.

After the 15-day period had passed, Lomas sought sanctions and dismissal of the complaint pursuant to OCGA § 9-11-37 (b) (2) (C) for failure of Johnson to comply with the court order.

The court denied each of the successive motions filed by Johnson and granted Lomas' motion to dismiss the complaint because of Johnson's "persistent and unjustified refusal to respond to the legitimate discovery requests of defendant, and blatant refusal to comply with the Court's order . . . compelling discovery."

1. Johnson contends that the trial court erred in denying his motions for summary judgment.

Summary judgment was denied because of the existence of issues of fact as to whether the naming of Marion Johnson in the Florida foreclosure proceeding was with "malice," OCGA §§ 51-7-81 (1); 51-7-80 (5), and "[w]ithout substantial justification." OCGA §§ 51-7-81 (2); 51-7-80 (7).

Lomas asserts that given the circumstances under which the quitclaim deed was executed, Marion Johnson had at least a colorable claim to the property, so that naming her as a defendant along with the other claimants was justified and not malicious. Lomas also asserts that it has a defense to Johnson's abusive litigation claim under OCGA § 51-7-82 (c) since it was "substantially successful on the issue forming the basis for the claim of abusive litigation in the underlying

civil proceeding."

OCGA § 51-7-81 provides: "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification."

"Malice" is defined in OCGA § 51-7-80 (5) as meaning "acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." Cf. OCGA §§ 13-6-11; 9-15-14 (b); *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The undisputed facts by no means establish that, as a matter of law, Lomas acted "maliciously" in naming Marion Johnson as a defendant/claimant in the foreclosure proceeding. Cf. *Yost v. Torok*, supra.

"Without substantial justification" is defined in OCGA § 51-7-80 (7) as meaning "any civil proceeding, claim, defense, motion, appeal, or other position [which] is: (A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious." Cf. OCGA § 9-15-14 (b), supra; *Ferguson v. City of Doraville*, 186 Ga. App. 430, 434 (2a, c) (367 SE2d 551) (1988), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119 (n. 8) (376 SE2d 861) (1989). The undisputed facts do not establish that, as a matter of law, Lomas acted "without substantial justification" in naming Marion Johnson as a defendant/claimant in the foreclosure proceeding.

Johnson was not entitled to summary judgment. See OCGA § 9-11-56 (c); cf. *Ferguson*, supra.

2. Johnson contends that the trial court erred in denying his requests for oral argument.

Since Johnson did not file a written request for oral argument on his summary judgment motion within five days after the time for response, as provided by USCR 6.3, the trial court did not err in denying his request for oral argument as to his motion for summary judgment. Likewise, Rule 6.3 authorized the court to refuse oral argument as to Johnson's remaining motions.

3. Johnson contends that the trial court erred in dismissing his complaint for noncompliance with the court order that he respond to Lomas' discovery requests, citing *Rivers v. Goodson*, 184 Ga. App. 70, 71 (2) (360 SE2d 740) (1987), and *Thornton v. Burson*, 151 Ga. App. 456, 457 (2) (260 SE2d 388) (1979). These decisions hold that a mere technical failure to comply with an order compelling discovery, or an inadequate discovery response after entry of such an order, does not justify the extreme sanction of default or dismissal of the complaint.

" '(T)he drastic sanctions of dismissal and default cannot be invoked . . . except in the most flagrant cases — where the failure is

wilful, in bad faith or in conscious disregard of an order.' [Cit.]" *Thornton*, 151 Ga. App. at 459, supra. There must be " 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.' [Cit.]" *Evans v. East Coast Intermodal Systems*, 191 Ga. App. 749 (382 SE2d 743) (1989).

In this case, the trial court was authorized to find that Johnson intentionally and wilfully failed to comply with the court order compelling discovery. Such finding could be made from the record, without the necessity of conducting a separate hearing. The trial court did not err in dismissing the complaint. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991).

4. Inasmuch as the foregoing holdings are not affected by the matters set forth in Johnson's supplemental briefs, Lomas' motion to disregard such briefs because of noncompliance by Johnson with Court of Appeals Rules is moot.

5. Lomas' motion to impose a penalty not to exceed $500 against Johnson for frivolous appeal is granted. The trial court's complete and explanatory order was clearly correct. "Being unable to discern any reasonable ground upon which [Johnson] might have anticipated the reversal of the trial court's judgment, we assess a [$300] penalty against [Johnson] pursuant to Rule 26 (b) of this court for pursuing a frivolous appeal. The trial court is hereby directed to enter judgment against [Johnson] in such amount . . . upon the return of the remittitur in the case." *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12, 13 (3) (372 SE2d 9) (1988).

*Judgment affirmed with damages. Birdsong, P. J., and Carley, P. J., concur.*

DECIDED OCTOBER 4, 1991 —
RECONSIDERATION DENIED OCTOBER 22, 1991 —

*Harold A. Johnson*, pro se.
*McCalla, Raymer, Padrick, Cobb & Nichols, Linda S. Finley, Teresa R. Perrotta, Carol V. Clark*, for appellee.