A92A1600. STOLLE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(424 SE2d 807)

JOHNSON, Judge.

Richard Stolle filed suit against State Farm Mutual Automobile Insurance Company seeking payment for injuries allegedly suffered in a motor vehicle collision. Along with its answer, State Farm filed interrogatories and document requests. Stolle did not respond to these discovery requests within the time required by the Civil Practice Act. As required by the Uniform Superior Court Rules, State Farm attempted to resolve the discovery dispute with Stolle informally, but was unsuccessful. State Farm then filed a motion to compel and for sanctions, asking the court to dismiss the complaint pursuant to OCGA § 9-11-37 (d). Stolle sought, and was granted, an extension of time in which to respond to the motion. In his response, which was filed on the last day permitted by the extension, Stolle claimed that on the previous day he answered the discovery requests. The record, however, contains no evidence of these alleged answers. The trial court held a hearing on the motion; neither Stolle nor his attorney appeared at the hearing. Thereafter, the trial court issued an order granting State Farm's motion and dismissing the complaint for Stolle's failure to comply with discovery and failure to appear at the hearing on the motion to compel discovery and for sanctions. Stolle appeals.

Stolle's enumerated errors are wholly without merit and completely unsupported by the record. Accordingly, we affirm the trial court's order and impose a penalty for frivolous appeal.

1. Stolle first contends that the trial court erred in failing to consider his brief filed in opposition to State Farm's motion to compel and for sanctions. "The trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon him by law. This court will not presume the trial court commit-

ted error where that fact does not affirmatively appear." (Citations and punctuation omitted.) *Robenolt v. Chrysler Fin. Svcs. Corp.*, 201 Ga. App. 168, 169 (2) (410 SE2d 365) (1991). The burden is on the party asserting error to show it affirmatively by the record. *Mauldin v. Weinstock*, 201 Ga. App. 514, 516 (2) (411 SE2d 370) (1991). Stolle has not met this burden. His brief was filed before the trial court held the hearing and entered its ruling on the motion. There is nothing in the record to indicate that the trial judge did not consider Stolle's brief in ruling on State Farm's motion. Accordingly, we presume that the trial judge committed no error.

2. Stolle argues in his second enumeration of error that the trial court erred in ruling that his attorney failed to provide a valid excuse for the attorney's absence at the hearing on State Farm's motion. This enumeration is also completely unsupported by the record. Stolle attempts to buttress his position by attaching to his brief on appeal an affidavit from his attorney's secretary which purports to set forth an excuse for his attorney's failure to attend the hearing. Even if the affidavit set forth a valid excuse, which it does not, we could not consider it on appeal. "A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citations and punctuation omitted.) *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33) (1990). As Stolle has not met his burden of proving his enumerated error by the record, we must presume that the court did not err. *Mauldin v. Weinstock*, supra.

3. Stolle complains in his final enumeration of error that there is no evidence to support the trial court's finding that he wilfully failed to comply with discovery. "There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful." (Citations and punctuation omitted.) *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

Here, the record indicates that for nearly a year Stolle failed to respond to any of State Farm's discovery requests and he and his attorney failed to appear at the hearing on State Farm's motion. Further, Stolle has provided no valid excuse for failing to respond to the discovery requests. Stolle claims that he did not comply with discovery because he fired, and later rehired, his original attorney and because he kept possession of his attorney's file on this case, even after repeated attempts by the attorney to retrieve the file. There is absolutely no evidence in the record to support these claims.

Moreover, even if there was such evidence, the excuses offered by Stolle show his wilful failure to act. Stolle does not assert that he was unaware of State Farm's discovery requests or that his failure to respond was accidental or involuntary. On the contrary, he freely admits that his failure to respond was due to the fact that he did not return the necessary documents to his own attorney. Thus, the record and Stolle's own excuses show that his failure to act was conscious and intentional, not merely accidental or involuntary.

Prior to imposing the sanction of dismissal under OCGA § 9-11-37 (d), there need be no order to compel discovery as provided for in OCGA § 9-11-37 (b). All that is required is a motion, notice and a hearing. *Cook v. Lassiter*, 159 Ga. App. 24 (282 SE2d 680) (1981). Here, the court held a hearing on the motion after proper notice to all parties. The court did not abuse its discretion in dismissing the complaint as there was ample evidence to support its decision. Accordingly, we find no error.

4. Because Stolle's appeal has no arguable merit, we impose a penalty for frivolous appeal in the amount of $500. Court of Appeals Rule 26 (b).

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Pope, Beasley and Andrews, JJ., concur. McMurray, P. J., Carley, P. J., and Cooper, J., concur in part and dissent in part.*

CARLEY, Presiding Judge, concurring in part and dissenting in part.

I concur in the majority's conclusion that we cannot hold that the trial court abused its discretion when it imposed the ultimate sanction of dismissal in this case. However, because there was never an order entered by the trial court compelling discovery, dismissal was authorized only because there was a *total* failure of the appellant to comply with discovery procedures. Compare *Thornton v. Burson*, 151 Ga. App. 456 (260 SE2d 388) (1979).

However, I cannot concur in the majority's imposition of the maximum penalty of $500 against this appellant pursuant to Rule 26 (b). After reviewing the entire record, I do not believe that the appeal in this instance was frivolous as contemplated by said rule. Appellant argues on appeal that appellant's failure to comply with discovery was as a result of misunderstanding and lack of cooperation between counsel and the appellant. Although the trial court and this court have held such circumstances not to be reasonable grounds for non-compliance with discovery procedures, it should not follow that the appeal is automatically frivolous. Were this the rule, we would award frivolous appeal damages on every occasion wherein we affirm the trial court's exercise of discretion in dismissing a complaint based upon the failure of a party to comply with discovery procedures.

Sanctions under our rules should be prudently and cautiously imposed.

I am authorized to state that Presiding Judge McMurray and Judge Cooper join in this dissent.

DECIDED OCTOBER 26, 1992 —
RECONSIDERATION DENIED NOVEMBER 10, 1992.

*Didio & Broome, Stefano A. Didio,* for appellant.
*Harper, Waldon & Craig, Thomas D. Harper,* for appellee.