A95A1043. DIDIO v. CHESS.
(462 SE2d 450)

POPE, Presiding Judge.

Plaintiff Harold Chess filed a complaint against his former attorney, defendant Steve Didio, alleging that Didio had fraudulently withheld the proceeds of an insurance settlement from him. The trial court struck Didio's answer to the complaint following his failure to comply with a discovery order the trial court had issued. In his sole enumeration of error, Didio contends that the trial court abused its discretion in striking his answer. We disagree and affirm.

On October 22, 1993, Chess served Didio with interrogatories. When Didio failed to respond to the interrogatories within the time set forth in OCGA § 9-11-33 (a) (2), Chess sent a letter to him requesting that he answer the interrogatories by December 6, 1993. Didio did not respond to the letter or comply with the request made therein. Consequently, on December 9, 1993, Chess filed a motion to compel. See OCGA § 9-11-37 (a). Again, Didio did not respond. Subsequently, the trial court granted the motion to compel, and by order dated February 1, 1994, directed Didio to fully and completely answer the interrogatories within 20 days of receipt of the order. A process server personally served Didio with the discovery order on March 11, 1994, and thus Didio had until March 31, 1994 to comply with its dictates.[1] The record clearly demonstrates, however, that Didio did

---

[1] Contrary to Didio's assertion otherwise, the time period in which he had to comply

not meet this deadline. As a result, Chess filed a motion for contempt on April 1, 1994, wherein he requested that the trial court sanction Didio by striking his answer in accordance with OCGA § 9-11-37 (b) (2) (C). Didio did not respond to Chess's motion for contempt, and the trial court issued an order finding Didio in contempt and striking his answer on July 7, 1994. We find no abuse of discretion on the trial court's part.

"The drastic sanctions [found in OCGA § 9-11-37 (b) (2) (C)] cannot be invoked except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order. There must be a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." (Citation and punctuation omitted.) *Johnson v. Lomas Mtg. USA*, 201 Ga. App. 562, 564-565 (3) (411 SE2d 731) (1991). Didio argues that the trial court erred in striking his answer because there is no evidence of wilful noncompliance on his part. We cannot agree. "(W)here a motion for sanctions is brought under (OCGA § 9-11-37 (b) (2)) for a party's failure to comply with an order compelling answers [to interrogatories], the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with 'conscious indifference to the consequences of failure to comply' with the order compelling answers. *Swindell v. Swindell*, [233 Ga. 854, 857 (3) (213 SE2d 697) (1975)]." *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991).

Applying the above criteria to the case at bar, we hold that the trial court was authorized to find that Didio wilfully and consciously disregarded the discovery order. We also reject the contention that the interrogatory answers Didio provided *after* Chess filed his motion for contempt precluded the trial court from striking Didio's answer. See *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

---

with the trial court's February 1, 1994 discovery order was not extended by three days pursuant to OCGA § 9-11-6 (e) because the order was not served on Didio by mail. Additionally, the rationale behind the three-day mailing extension found in that Code section is not applicable here because the response period in this case did not begin running until Didio actually received the trial court's discovery order.

DECIDED SEPTEMBER 19, 1995.

*Stefano A. Didio*, pro se.
*Edward J. Sullivan*, for appellee.