A97A0422. POTTER v. AMERICAN MEDCARE CORPORATION et al.
(483 SE2d 43)

ELDRIDGE, Judge.

The appeal in the case sub judice arose from the trial court's order dismissing with prejudice appellant's complaint for failure to respond to an order compelling him to respond to certain discovery requests.

Appellant filed his complaint on January 17, 1995, based on the Georgia securities laws, OCGA §§ 10-5-12 and 10-5-14, and common law fraud, seeking damages in excess of $200,000 for appellees' alleged misrepresentations which induced him to purchase appellee American Medcare Corporation ("AMC") stock. Each of the appellees filed answers on March 16, 1995, and appellee AMC filed a counterclaim which alleged appellant committed an act which consisted of a pattern of racketeering in violation of OCGA § 16-14-4 and common law fraud. Both of appellant's claims and appellee AMC's counterclaim were very fact-intensive and required the opposing party to conduct extensive, fact-specific discovery in order to be able to defend against such claims.

The discovery requests at issue were served by the appellees on the appellant on March 16, 1995. Appellant was granted several extensions to respond to appellees' discovery requests because there was a companion case pending simultaneously before the American

Arbitration Association; the last extension expired May 31, 1995. After the final extension of time expired, appellees' counsel wrote appellant's counsel on October 13, 1995, and October 20, 1995, requesting the overdue responses to appellees' discovery requests. In the October 20, 1995 letter, counsel for appellees warned counsel for appellant that if the appellees did not receive responses to the discovery requests by October 27, 1995, he would file a motion to compel discovery. On October 23, 1995, appellant replied that he would respond to appellees' discovery requests within the week; however, appellant's responses were not served on appellees until December 27, 1995, almost seven months from the expiration date of the final extension for appellant to respond to appellees' discovery requests.

Appellant answered several interrogatories, which sought the specific factual basis of appellant's claims, with answers of "multiple discussions with defendants" and "multiple verbal representations by defendants." Such answers were so vague that they could not be considered proper responses to these fact-specific interrogatories. Appellant objected to other interrogatories and objected to producing tax returns filed by the appellant and MMI, which is a consulting company owned by appellant. By letter dated January 2, 1996, appellees informed appellant that they felt many of appellant's responses were deficient. Finally, on February 28, 1996, more than eleven months after the requests for discovery had been served on appellant and more than eight months from the final extension for appellant to respond, appellees filed their motion to compel.

On April 5, 1996, the trial court entered an order which found that appellant's responses were inadequate, which ordered appellant to fully respond to appellees' discovery requests within ten days, and which awarded appellees $300 as reasonable expenses, including attorney fees incurred in filing the motion. The April 5, 1996 order was vacated by the trial court because appellant had obtained an extension of time to respond to the motion to compel, which extension would not expire until April 8, 1996. On April 8, 1996, appellant responded to appellees' motion to compel. Appellant stood by his initial responses but attached to his new response a copy of what he contends was a daily diary of his activities on behalf of AMC. This document, which was a 51-page, single-spaced, margin-to-margin, small-font diatribe written by appellant, was not responsive to the interrogatories in question which were seeking to elicit specific facts upon which appellant based each of his claims.

On April 23, 1996, after considering the appellant's response, the trial court re-entered the identical order previously entered on April 5, 1996. Pursuant to the trial court's order, May 3, 1996, was the last day for appellant to supplement his response in order to give full and complete answers to appellees' discovery requests and to produce the

ordered documents. On May 1, 1996, appellant's counsel wrote appellees' counsel requesting "some leeway" in putting together his responses. Appellees' counsel replied that he would not grant an extension without a written request setting forth exactly how much time appellant needed and without his clients' consent, and directed appellant's counsel to let him know if he wanted to propose such an extension. Appellees' counsel received no further communication from appellant's counsel regarding such extension.

On May 9, 1996, six days after appellant's responses were due, appellees filed a motion to dismiss appellant's complaint. On the same day, appellant forwarded a check in the amount of $300 to the appellees for the sanctions awarded by the trial court. Appellees supplemented their motion to dismiss on May 13, 1996, to advise the trial court of their receipt of the $300. The same day, appellant filed supplemental responses to appellees' discovery requests, 12 days after they were due. On May 29, 1996, appellant filed his reply brief to appellees' motion to dismiss and requested oral argument on the motion. The trial court granted appellant's request for oral argument and set the motion down for a hearing.

On June 14, 1996, appellees filed a second supplement to their motion to dismiss, alleging that appellant's supplemental responses did not fully comply with the trial court's order. The motion to dismiss was heard by the trial court on July 1, 1996. The trial court granted such motion and dismissed appellant's complaint with prejudice. On July 8, 1996, at the request of the appellant, the trial court entered a final judgment on such order. It is from the entry of final judgment that this appeal comes.

Appellant's sole enumeration of error is that the trial court erred in granting appellees' motion to dismiss.

OCGA § 9-11-37 sets forth the two-step procedure the trial court must follow prior to imposing one or more of the sanctions set forth in OCGA § 9-11-37 (b) (2). After a motion for an order compelling discovery is made, heard, and granted by the trial court, the obstinate party must be afforded another opportunity to provide the requested discovery. If the party still fails to provide the ordered discovery, then the trial court can enter an order as is just, including, among other things, the sanctions set forth in OCGA § 9-11-37 (b) (2). *Savannah Surety Assoc. v. Master*, 240 Ga. 438 (241 SE2d 192) (1978); see *Rubin v. Cindyreal*, 171 Ga. App. 45 (318 SE2d 520) (1984). It is clear from the record and transcript before this Court that the trial court properly followed this procedure prior to the imposition of the sanction of dismissal of appellant's complaint with prejudice pursuant to OCGA § 9-11-37 (b) (2) (C).

The trial courts have been granted "broad control over the use and limitations of discovery procedures. . . ." *Lewis v. Evans*, 212

Ga. App. 49, 51 (441 SE2d 425) (1994). " 'Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. (Cit.)' [Cits.]" *Rubin v. Cindyreal*, supra at 46; see *Rucker v. Blakey*, 157 Ga. App. 615 (278 SE2d 158) (1981). However, such discretion is not without limits, and in fact, any sanction must be just and specifically related to the particular claim which was at issue in the order to provide discovery. *Carey Canada v. Hinely*, 181 Ga. App. 364 (352 SE2d 398) (1986), rev'd on other grounds, 257 Ga. 150 (356 SE2d 202) (1987).

It is only in the most flagrant cases, where the failure to respond to discovery requests is "wilful, in bad faith or *in conscious disregard of an order*" that the drastic sanction of dismissal of the plaintiff's complaint should be invoked by the trial court. (Emphasis in original.) *Rubin v. Cindyreal*, supra at 46; *Thornton v. Burson*, 151 Ga. App. 456, 459 (260 SE2d 388) (1979). " 'There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary noncompliance. A conscious or intentional failure to act is in fact wilful.' . . . [Cit.]" *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (424 SE2d 807) (1992). "Where a motion for sanctions is brought under OCGA § 9-11-37 (b) (2) for a party's failure to comply with an order compelling [responses to discovery requests], the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with 'conscious indifference to the consequences of failure to comply' with the order compelling answers." (Citations and punctuation omitted.) *Didio v. Chess*, 218 Ga. App. 550, 551 (462 SE2d 450) (1995). A trial court's finding that a party has wilfully failed to comply with its discovery obligations will not be reversed if there is any evidence to support it. *Oliff v. Smith*, 214 Ga. App. 358, 359 (447 SE2d 707) (1994).

Applying these criteria to the case sub judice, we find that there was evidence to support the trial court's finding that appellant wilfully and consciously disregarded the discovery order.[1] At the time

---

[1] The facts of the case sub judice are distinguishable from the case of *Harwood v. Great*

of the July 1, 1996 hearing on appellees' motion to dismiss, appellant still had not fully complied with the trial court's order requiring a response to discovery requests. By that time, more than 13 months had elapsed from the time appellant's responses were originally due, the last extension of time had expired May 31, 1995, and almost two months had elapsed since full and complete supplemental responses were due under the trial court's order. Appellant had been on notice of the deficiencies in his supplemental responses, if not from the inception of his supplemental answers, at least from June 14, 1996, when the appellees filed a second supplement to their motion to dismiss setting forth such deficiencies, which was served on appellant along with a letter requesting full and complete responses. During the 17 days between the time appellees filed their second supplement to their motion to dismiss and the date of the hearing, appellant made no effort to correct any of the deficiencies. As the trial court noted, it was only at the hearing, after it was apparent that the trial court was extremely displeased with appellant's lack of response to her order that appellant's counsel offered to try and contact her client and once again attempt to fully respond to the ordered discovery. Appellant's failure to sufficiently and expediently respond was a "conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." (Citation and punctuation omitted.) *Didio v. Chess*, supra at 551.

At the time the trial court dismissed appellant's complaint, appellant's supplemental responses to appellees' discovery request were still inadequate and evasive. In order for appellees to defend against fact-intensive claims under the Georgia securities laws and common law fraud, it is essential for them to be able to determine what appellant's factual basis is for each of these claims, which can be determined only through discovery. We find no abuse of discretion on the trial court's part.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

---

*American Mgmt. &c.*, 171 Ga. App. 488 (320 SE2d 269) (1984), cited by the appellant. In *Harwood*, while the plaintiff had only partially complied with the trial court's order compelling discovery within the time set forth in such order, plaintiff had fully complied with the trial court's order prior to the motion to dismiss being heard. Further, the trial court's order was vague and left it to the plaintiff to answer " 'within the realm of utmost good faith.' " Id. at 490. There was evidence that plaintiff's counsel had contacted defendant's counsel on several occasions to ask him what further information he wanted, but the latter would only say he wanted the plaintiff to do what the trial court had ordered. When the plaintiff did respond to the interrogatories, such responses did not contain any information that was relevant to the litigation that had not previously been provided by the plaintiff to the defendant. Therefore, such late responses had not impeded the defendant's ability to prepare a defense. Under this peculiar set of facts, plaintiff's conduct could not reasonably be said to be wilful or a flagrant disregard of either the trial court's order or the discovery process.

DECIDED MARCH 10, 1997.

*McAlpin & Henson, Kirk M. McAlpin, Jr., Jana K. Bishop*, for appellant.

*Chambless, Higdon & Carson, Marc T. Treadwell, Swift, Currie, McGhee & Hiers, Christopher D. Balch, Glass, McCullough, Sherrill & Harrold, Ugo F. Ippolito*, for appellees.