## A98A0421. RESOURCE NETWORK INTERNATIONAL, INC. v. RITZ-CARLTON HOTEL COMPANY.
### (501 SE2d 573)

BEASLEY, Judge.

Despite letters, motions and a court order, defendant Resource Network International, Inc. (RNI) refused to produce promised discovery documents until the morning of the hearing on the motion to strike its answer. That was 16 months after the documents were requested. The issue on appeal is whether there is evidence RNI's refusal was wilful, which would support the court's order striking the answer and entering default judgment.

1. OCGA § 9-11-37 provides that a court may impose such sanctions against a defendant who wilfully fails to respond to discovery[1] or who wilfully disobeys a court order compelling discovery.[2] *Stolle v. State Farm &c. Ins. Co.*[3] affirmed dismissal of an action for such obstinacy even in the absence of an order requiring responses.[4] *Potter v. American Medcare Corp.*[5] upheld a dismissal for wilful and conscious disregard of an order mandating discovery.[6]

"There is no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful. Where a motion for sanctions is brought under OCGA § 9-11-37 (b) (2) for a party's failure to comply with an order compelling responses to discovery requests, the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of interrogatories and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with conscious indifference to the consequences of failure to comply with the order compelling answers."[7]

At least six instances of noncompliance demonstrate that RNI not only intentionally refused to respond to discovery but also consciously disregarded a court discovery order.

---

[1] OCGA § 9-11-37 (d) (1).

[2] OCGA § 9-11-37 (b) (2) (C).

[3] 206 Ga. App. 235, 236-237 (3) (424 SE2d 807) (1992).

[4] See *Evans v. East Coast Intermodal Systems*, 191 Ga. App. 749 (382 SE2d 743) (1989); *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988).

[5] 225 Ga. App. 343, 346 (484 SE2d 43) (1997).

[6] See generally *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 38 (1) (486 SE2d 180) (1997).

[7] (Citations and punctuation omitted.) *Potter*, supra, 225 Ga. App. at 346.

(a) Although plaintiff (Ritz-Carlton Company) simultaneously served requests for admissions, interrogatories, and requests to produce documents on October 13, 1995, RNI responded only to the requests to admit within the required time. It sought no extensions to respond to the other discovery efforts. The court could infer that RNI refused to respond to interrogatories and production requests because only the requests to admit carried the automatic sanction of being conclusively admitted if not responded to.[8] RNI did not answer the interrogatories and document requests until April 8, 1996, and then only after receiving a letter from Ritz-Carlton's counsel threatening a motion to compel.

(b) RNI failed to attach the requested documents to its April 8 responses even though it stated otherwise and it purported to attach them in lieu of full responses to the interrogatories. Failure to attach documents could be inadvertent. But despite two letters and a motion for protective order lamenting absence of the documents, RNI persisted to withhold them throughout the summer of 1996.

(c) When Ritz-Carlton moved to compel the production of the documents in September, RNI failed to respond altogether. Thereafter the court appropriately found wilful failure and ordered RNI to produce the documents within 20 days or face a possible dismissal of its answer. RNI's lame claim it never received a copy of the motion to compel is not supported by any evidence[9] and was not even raised until a hearing held months after it had admittedly received various filings referencing that motion.

(d) After receiving a copy of the order, which RNI baldly claims it did not receive until shortly after the November 26 compliance date because of an address change, RNI remained silent. It did not obey the order; it did not notify the court of late receipt; and it did not offer any reason for noncompliance. Not until sometime in January 1997, if then, did RNI notify the court or opposing counsel of its address change.

(e) When RNI received Ritz-Carlton's January 17 motion for imposition of sanctions, RNI still did not produce the documents but instead stalled with a request for a hearing on the question of its wilfulness in not responding.

(f) RNI waited until the morning of that hearing on March 14, 1997, to produce the documents and gave no explanation for this dilatory conduct. The late production did not nullify the motion for sanctions.[10]

---

[8] See OCGA § 9-11-36 (a) (2).

[9] See *Stolle*, supra, 206 Ga. App. at 236 (2) (appellate court cannot consider evidence or errors not found in the record).

[10] *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (1) (426 SE2d 177) (1992).

"A trial court's finding that a party has wilfully failed to comply with its discovery obligations will not be reversed if there is any evidence to support it."[11] Awarding default judgments against disobedient parties is within the discretion of the trial court and will not be disturbed absent clear abuse.[12] The egregious conduct in this case would hardly sustain an opposite disposition. The debt is now nearly five years old. It is time it was paid.

2. RNI's claim it was not afforded a hearing is disingenuous, for its attorney attended and participated in the hearing.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 14, 1998.

*Diana Y. McDonald*, for appellant.
*Stokes, Lazarus & Carmichael, William K. Carmichael, Brian K. Schumacher*, for appellee.

---

[11] *Potter*, supra, 225 Ga. App. at 346.
[12] *Santora v. American Combustion*, 225 Ga. App. 771, 773 (1) (b) (485 SE2d 34) (1997); *Washington v. South Ga. Med. Center*, 221 Ga. App. 640, 641 (1) (472 SE2d 328) (1996).