## A04A1269. FULLER v. COBB COUNTY et al.

(603 SE2d 720)

MILLER, Judge.

Warderida Fuller appeals from the trial court's grant of the defendants'[1] motion to strike her complaint. She argues that the complaint was sufficient to apprise the defendants of her claims, and that the trial court lacked authority to strike her complaint because she alleged a violation of her rights under the federal constitution. We discern no error and affirm.

Fuller filed her complaint on September 13, 2002, alleging that she was injured while detained at the Cobb County Adult Detention Center. The defendants timely answered, and on October 16, 2002, filed a motion for a more definite statement. Following a hearing, the trial court granted the defendants' motion, and ordered Fuller to provide a more definite statement setting forth the facts supporting her allegations. On June 18, 2003, the defendants moved to strike Fuller's complaint on the ground that she failed to provide a more definite statement as ordered by the trial court. Although Fuller filed a response to the motion for a more definite statement on July 3, 2003, the trial court entered an order granting the defendants' motion to strike on September 10, 2003.

OCGA § 9-11-12 (e) provides that

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a proper responsive pleading, he shall nevertheless answer or respond to the best of his ability, and he may move for a more definite statement. The motion shall point out the defects complained of and the details desired. *If the motion is granted and the order of the court is not obeyed within 15 days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.*

(Emphasis supplied.) Here, the court did not err in granting the motion to strike as Fuller did not obey the court's order to provide a more definite statement within 15 days of notice of the order. See id.

---

[1] The defendants below were Cobb County, Bill Hutson, Tomimpex, LLC f/k/a Wellstar, Inc., John Doe 1, and John Doe 2.

The trial court did not abuse its discretion in dismissing the complaint. *Graham v. Dev. Specialists*, 180 Ga. App. 758, 763 (2) (350 SE2d 294) (1986).

Fuller also argues that the trial court was without authority to strike her complaint because she alleged a violation of her federal constitutional rights. She asserts that a judgment that is void due to lack of subject matter jurisdiction may be attacked at any time. Fuller does not cite and we have not found any authority for her proposition that federal claims brought in state court are not subject to OCGA § 9-11-12 (e). Nor did Fuller offer any explanation as to why she now claims that subject matter jurisdiction was lacking. A trial court is authorized by OCGA § 9-11-12 (e) "[to] strike the pleading to which the motion was directed."

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 20, 2004.

*Giddens, Davidson & Mitchell, Earl A. Davidson*, for appellant.
*Barry E. Morgan, Solicitor-General, Stephen D. Morrison, Jr., Deborah L. Dance, Assistant Solicitors-General*, for appellees.