## A06A1089. LARGO VILLAS HOMEOWNERS' ASSOCIATION v. BUNCE.
### (631 SE2d 731)

PHIPPS, Judge.

Largo Villas Homeowners' Association brought a pro se action against Yvonne Bunce in magistrate court. Bunce counterclaimed, had the case transferred to superior court, and then obtained a court order requiring Largo to obtain representation by counsel. As a sanction for Largo's failure to timely comply with that order, the superior court struck its complaint and stated that a hearing would be conducted later on Bunce's counterclaim for damages. We granted

---

Largo's application for interlocutory appeal. We reverse and remand for a hearing on the question of whether Largo's noncompliance with the order was wilful.

Through a member of its board of directors, Largo filed a claim against homeowners' association member Bunce for $522.50 in unpaid monthly maintenance charges and late fees. Representing herself, Bunce filed an answer and counterclaim. She sought an award of damages of $15,000 on her counterclaim and an order to compel certain action by Largo. Largo answered Bunce's counterclaim, denying its allegations and requesting its own relief and additional damages against Bunce.

Through counsel, Bunce moved to transfer the case from magistrate court to superior court on grounds that the parties were each requesting relief equitable in nature. The magistrate court granted the motion to transfer. Bunce then filed a motion in superior court to have the court require Largo to retain an attorney and have the attorney enter an appearance in the case. That motion was based on the holding in *Eckles v. Atlanta Technology Group*,[1] that "[i]n this state, only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record, including any proceeding that may be transferred to a court of record from a court not of record."[2]

The superior court granted Bunce's motion and ordered Largo to retain counsel and have counsel make an appearance in the case within 30 days of entry of the order. On the 34th day after entry of the order, Bunce moved to strike Largo's complaint and its answer to her counterclaim, and to enter default judgment on issues of liability leaving only the amount of damages to be determined. Two days later, counsel for Largo filed a notice of appearance and, in a response to Bunce's motion to strike, counsel averred that the notice was not filed earlier "due to human error and omission." Noting that Largo had "failed to provide any reason for the failure [to file the notice of appearance within 30 days of the court's order] other than 'human error and omission,'" the court granted Bunce's motion to strike its complaint. Because Bunce's counterclaim involves unliquidated damages, the court declined to enter a default judgment against Largo on

---

[1] 267 Ga. 801 (485 SE2d 22) (1997).

[2] Id. at 805 (2). The rule of *Eckles* applies only to corporations, id. at 806, and thus does not apply to unincorporated associations. See *Tunsil v. Jackson*, 248 Ga. App. 496, n. 1 (546 SE2d 875) (2001). Although it does not appear from the record that Largo was an incorporated homeowners' association at the time of its formation, we assume that it has become one (probably by submitting itself to the Georgia Property Owners' Association Act, OCGA § 44-3-220 et seq.), as it does not dispute Bunce's assertion and the trial court's determination concerning the applicability of *Eckles* here.

the counterclaim. And the court ordered a hearing on the issue of Bunce's damages without, however, scheduling any hearing.

The drastic sanction of striking a plaintiff's pleadings is expressly authorized by statute in certain contexts. Specifically, OCGA § 9-11-12 (e) authorizes a court to strike the pleading to which a motion for more definite statement has been directed if the court order granting the motion has not been obeyed within 15 days after notice of the order or such other time as the court may fix.[3] In addition, where a party fails to comply with a discovery order, OCGA § 9-11-37 (b) (2) authorizes the court in which the action is pending to impose various sanctions, including striking pleadings, dismissing the action, or entering default judgment against the disobedient party.[4] Our Supreme Court has cautioned against the use of these harsh sanctions except in extreme cases.[5] Accordingly, we have generally held that "[b]efore imposing the ultimate sanction of dismissal or default judgment, the court must first make a determination, after notice and an opportunity for hearing, that the failure to comply with the order was wilful."[6] A hearing has not been required where the wilfulness of the recalcitrant party is obvious and undeniable from the record.[7]

Although the extreme sanction of pleadings dismissal was imposed here as a result of noncompliance with an order requiring a pro se corporation to obtain counsel, there is no reason why the limitations pertaining to imposition of such sanctions in the discovery context should not apply here. Largo's wilfulness in failing to comply with the court's order is not obvious and undeniable. Largo, in fact, denies that its failure to comply was wilful. And the court seems to have entered the extreme sanction of striking Largo's pleadings based on its determination that Largo did not establish some sort of excusable neglect in failing to comply with the order. Because the record does not establish without dispute that Largo's failure to comply with the court order was wilful, we reverse the order of the trial court striking Largo's pleadings and remand for a hearing on the issue of wilfulness.[8]

---

[3] *Fuller v. Cobb County*, 269 Ga. App. 198 (603 SE2d 720) (2004).

[4] *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991), citing OCGA § 9-11-37 (b) (2) (C).

[5] Id.

[6] *Motani v. Wallace Enterprises*, 251 Ga. App. 384, 386 (1) (554 SE2d 539) (2001); compare *SRM Realty Services Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 602-604 (2) (617 SE2d 581) (2005) (plain language of OCGA § 9-11-55 entitles plaintiff to a default judgment without notice to defaulting defendant in certain circumstances).

[7] See *Schrembs*, supra; *Rivers v. Almand*, 241 Ga. App. 565, 566 (1) (527 SE2d 572) (1999); *Johnson v. Kaplan*, 225 Ga. App. 53, 56 (1) (483 SE2d 292) (1997).

[8] *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 635 (362 SE2d 439) (1987).

*Judgment reversed and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MAY 23, 2006.

*Perrie & Cole, Victor J. Tetreault*, for appellant.
*Duffy & Feemster, Matthew M. Bush*, for appellee.