A06A1973. ROUSE v. ARRINGTON.
(641 SE2d 214)

ADAMS, Judge.

Plaintiff Michelle R. Rouse appeals from the trial court's order dismissing her complaint with prejudice. We remand for a hearing on whether the trial court properly dismissed the complaint with prejudice as a sanction for Rouse's failure to comply with an order of the court compelling discovery responses.

The procedural background is as follows: On June 17, 2005, Rouse filed her complaint against Gertrude B. Arrington seeking damages allegedly arising from a car accident. Arrington answered and filed interrogatories and a request for production of documents on July 19, 2005. Rouse failed to respond, and Arrington filed a motion to compel responses or to dismiss Rouse's complaint on October 7, 2005. Rouse responded after the motion was filed, but Arrington deemed the responses incomplete and sent a letter to the trial court asking the court to compel Rouse to provide more complete responses or to dismiss her complaint. On December 19, 2005, the trial court entered an order granting the motion to compel, and ordered Rouse to fully and completely respond to Arrington's interrogatories and requests for production of documents within 20 days of the receipt of the court's order.

Rouse did not file a response, and Arrington filed a motion to dismiss for failure to comply with the court's order on January 19,

2006. On March 2, 2006, the trial court entered the following order: "The Court having considered Defendant's Motion to Dismiss and having found that the Plaintiff is in violation of the Order of the Court, finds that it is appropriate to dismiss the above-styled action *with prejudice*. WHEREFORE, the Court ORDERS that dismissal *without prejudice* be granted." (Emphasis supplied.)

On March 7, 2006, Arrington filed a motion to correct a clerical error pursuant to OCGA § 9-11-60 (g) requesting that the trial court correct the March 2 order to reflect that Rouse's complaint was dismissed with prejudice. Rouse filed a motion for reconsideration, arguing that she had never received the trial court's March 2 order or Arrington's motion to dismiss.[1] The trial court entered another order on March 15, 2006, nunc pro tunc to March 2, 2006, ordering the previous order "be amended and corrected to show that the dismissal in favor of [Arrington] against [Rouse] is with prejudice." Rouse filed her notice of appeal to this Court on April 14, 2006.

1. At the outset we must determine our jurisdiction to entertain this appeal. Arrington argues that the notice of appeal was not timely filed in this case since it was filed more than 30 days after the entry of the trial court's order of March 2, 2006. It is true, as Arrington further argues on appeal, that "a nunc pro tunc entry does not extend the statutory period for filing a notice of appeal." *Bowen v. Clayton County Hosp. Auth.*, 160 Ga. App. 809, 810 (288 SE2d 232) (1982). However, we cannot conclude, based on the record before us, that the order entered on March 15 was properly entered nunc pro tunc to the March 2 order.

OCGA § 9-11-60 (g) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Thus clerical errors may be corrected "where the clerical error or omission is obvious on the face of the record" or "where there has been a hearing on a motion to correct the judgment, and the evidence compels the conclusion that the omission was in fact a clerical error." (Citation and punctuation omitted.) *Cagle v. Dixon*, 234 Ga. 698, 700 (217 SE2d 598) (1975). Here it was obvious that an error had been made in entering the March 2 order since it was inconsistent on its face, but it was not obvious what the correct judgment should have been. This is especially true since it does not appear a hearing was held on the motion to dismiss prior to the entry of the March 2 order, and there had been

---

[1] On appeal, Rouse argues her attorney never received the December 19 order, but does not assert lack of receipt of the March 2 order.

no oral pronouncement or other indication to the parties of what ruling the court would make on Arrington's motion to dismiss. Thus, this is not a circumstance where the parties knew what order the trial court intended and thus the order could have been corrected without an opportunity for them to be heard on this issue.

Further, under these circumstances we do not believe that the March 15 order was properly entered nunc pro tunc to the March 2 order. Clearly a dismissal with prejudice, as opposed to a dismissal without prejudice, goes to the very heart of the substantive rights of the plaintiff. See *Parks v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001); see also *Capital Cargo v. Port of Port Royal*, 261 Ga. App. 803, 805 (1) (584 SE2d 54) (2003). Cf. *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) (1980) (correction allowed where party mistakenly filed dismissal with prejudice instead of dismissal without prejudice). The March 15 order effectively commenced a new 30-day period during which Rouse could file her notice of appeal, and the notice of appeal, filed on April 14, 2006, was timely filed within this 30-day period. Arrington's contention that this appeal should be dismissed for lack of jurisdiction is without merit.

2. Rouse argues the trial court erred by dismissing her complaint with prejudice without first holding a hearing.[2]

OCGA § 9-11-37 (b) (2) authorizes the trial court to impose various sanctions, including striking pleadings, dismissing the action, or entering a default judgment against the disobedient party upon failure of a party to comply with a discovery order. However, in *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991),

[o]ur Supreme Court . . . cautioned against the use of these harsh sanctions except in extreme cases. Accordingly, we have generally held that before imposing the ultimate sanction of dismissal or default judgment, the court must first make a determination, after notice and an opportunity for hearing, that the failure to comply with the order was wilful. [But a] hearing has not been required where the wilfulness of the recalcitrant party is obvious and undeniable from the record.

(Citations and punctuation omitted.) *Largo Villas Homeowners' Assn. v. Bunce*, 279 Ga. App. 524, 526 (631 SE2d 731) (2006).

---

[2] Insofar as we can tell from the record before us, the order of December 19, 2005 compelling Rouse to provide more complete responses to Arrington's discovery requests as well as the subsequent dismissal orders issued on March 2 and March 15 were entered without a hearing.

There is [also] no requirement that the plaintiff display and the trial court find actual wilfulness. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires only a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful.

(Citation and punctuation omitted.) *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (3) (424 SE2d 807) (1992).

In this case the trial court did not explicitly make a finding of wilfulness in its order dismissing the case for failure to comply with the December 19 order. And in any event, we cannot say that such a determination could be made from the record before us. Rouse did respond to Arrington's discovery requests, although belatedly; the order entered here was to compel more complete responses. Thus, this was not a situation where a party had been completely unresponsive to discovery requests. Moreover, it does not appear that a hearing was held before the December 19 order to compel was issued. This case is thus also distinguishable from those situations where the plaintiff had an opportunity to appear and defend her actions, or lack of action, and to show justification for her failure, rendering a second hearing prior to dismissing the case unnecessary. *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (2) (433 SE2d 342) (1993) (party had an opportunity to present legal justification or mitigating circumstance at hearing on motion to compel, so second hearing unnecessary). And although "[t]rial courts have broad discretion to control discovery, including the imposition of sanctions, . . . [i]n determining the particular sanctions to be imposed, this discretion is not without limits." (Punctuation and footnotes omitted.) *ASAP Healthcare Network v. Southwest Hosp. &c.*, 270 Ga. App. 76, 77-78 (1) (606 SE2d 98) (2004). "Because the record does not establish without dispute that [Rouse's] failure to comply with the court order was wilful, we reverse the order of the trial court [dismissing the complaint with prejudice] and remand for a hearing on the issue of wilfulness." (Footnote omitted.) *Largo Villas Homeowners' Assn. v. Bunce*, 279 Ga. App. at 526. This case is thus remanded for a hearing and further proceedings consistent with this opinion.

3. Because this case is being remanded for further proceedings below, it is unnecessary for us to consider Rouse's argument that her counsel did not receive notice of the trial court's order entered on December 19, 2005 granting Arrington's motion to compel further discovery responses. See OCGA § 15-6-21 (c) (it is the duty of the trial judge to notify counsel of an adverse decision on a motion unless notice is waived for failure to file pleadings pursuant to OCGA

§ 9-11-5). Moreover, this argument is properly addressed to the trial court, as the "remedy for their alleged lack of notice in the trial court is to pursue a motion to set aside pursuant to OCGA § 9-11-60 (d) (2)." *McConnell v. Wright*, 280 Ga. App. 546, 550 (1) (634 SE2d 495) (2006). Further, based on our holding in Division 2, upon proper motion, this issue may be heard upon remand.

*Judgment reversed and case remanded. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JANUARY 5, 2007.

*Charles E. Muskett*, for appellant.

*Greer, Klosik, Daugherty, Swank & McCune, William L. Swank II, Alina A. Krivitsky*, for appellee.