### A07A0985. WILSON v. THE HOME DEPOT USA, INC.
(654 SE2d 408)

RUFFIN, Judge.

Robert Wilson sued The Home Depot USA, Inc., for invasion of privacy and intentional infliction of emotional distress. The trial court dismissed Wilson's complaint with prejudice based upon Wilson's alleged failure to comply with a court order. On appeal, Wilson challenges this ruling. He also contends that the trial court erred in denying his motion for summary judgment on the issue of Home Depot's liability. For the following reasons, we affirm in part and reverse in part.

---

1. The relevant facts show that Wilson and his wife, Martha Carver, divorced in 1997.[1] Wilson retained physical custody of their child. Following the divorce, Carver worked as an assistant manager for Home Depot in Tennessee, and Wilson worked at a Home Depot in Georgia. In 1998, however, Wilson was fired from Home Depot after he allegedly tested positive for illegal drug use.

When Carver learned that Wilson no longer worked for Home Depot, she called the Georgia store, using Home Depot's inter-store telephone system, identified herself as a Home Depot manager, and inquired as to why Wilson no longer worked for Home Depot. She was given a code, which indicated that Wilson had been fired for failing a drug test. Carver then subpoenaed Wilson's employment records for use in a custody dispute in Tennessee.

Wilson filed suit against Home Depot, alleging claims for invasion of privacy and intentional infliction of emotional distress.[2] Wilson gave deposition testimony several times and, according to Home Depot, gave different responses to inquiries regarding his damages from the alleged torts. During an August 2002 deposition, Wilson initially stated that he lost custody of his child because the Tennessee judge believed he had a drug problem. Wilson's attorney interjected that he believed the change in custody was predicated upon Wilson's alleged perjury in the custody matter. Wilson conceded that his perjury "was part of" the reason he lost custody, but he also stated that his failed drug test was referred to during the hearing on the change of custody. Wilson also claimed that the injury he suffered as a result of Home Depot's conduct was "[p]retty much" the loss of custody.

Home Depot moved for summary judgment, arguing, inter alia, that Wilson was unable to show he was damaged by Home Depot's alleged tortious disclosure of his failed drug test. Specifically, Home Depot pointed to Wilson's deposition testimony that his injury was the loss of his son, coupled with his attorney's statement that the loss of custody was unrelated to the failed drug test. In response to this motion, Wilson submitted an affidavit stating that, following Home Depot's release of his drug results to his ex-wife, he experienced "fear,

---

[1] We take yet another opportunity to remind counsel of the proper form for citing the record. Pursuant to Court of Appeals Rule 25 (a) (1) & (c) (3) (iii), references to the record should be indicated by specific volume or part of the record and page number of the record as transmitted to this Court. The record before us consists of seven parts or volumes. Thus, we are perplexed by Home Depot's record cites such as "R25-228-29" and "R139-1381-83." Our formatting requirements are designed to aid appellate review, and it would behoove attorneys to familiarize themselves with the rules of this Court prior to submitting briefs. See *Patterson v. Lopez*, 279 Ga. App. 840, 841 (2) (632 SE2d 736) (2006).

[2] It does not appear that Wilson has brought any cause of action against Carver with regard to her method of obtaining the information.

intimidation, mental anguish, worry, nervousness, stress, anxiety, sleeplessness and anger." Nothing was mentioned about loss of custody. The trial court granted the motion for summary judgment with respect to the intentional infliction of emotional distress claim, but it denied the motion with respect to the invasion of privacy claim.

In April 2004, Home Depot took Wilson's deposition a second time regarding his damages. Wilson testified that Home Depot's release of his drug test results led to

> my anger, my fear. What my ex-wife did with that informa-
> tion, and losing my son. My concerns over tomorrow and, you
> know, what happens tomorrow if I need to do something and
> I have to fill out an application. . . . [I]t causes me a
> tremendous amount of stress to . . . have to worry about those
> things that I shouldn't have to worry about.

When the attorney for Home Depot attempted to ask Wilson specifically about the loss of custody, Wilson's attorney objected.

Thereafter, Home Depot filed a motion to dismiss pursuant to OCGA § 9-11-37, which enables the trial court to impose sanctions for discovery abuses. Home Depot requested that the court dismiss the action with prejudice or, in the alternative, preclude Wilson from arguing at trial that Home Depot's actions caused him to lose custody of his child. Although the trial court declined to dismiss the case, it issued an order finding that Wilson had "been less than forthcoming with regard to his damages claim" and ordering Wilson

> to file into the record of the Court a detailed statement, in
> clear and unequivocal terms, setting forth exactly what his
> damages are and whether they are related to his loss of
> custody. If the damages are related to his loss of custody,
> [Wilson] must explain the relationship. [Wilson] will be held
> to this statement of damages for all purposes throughout the
> remainder of this case.

According to Wilson, he complied with this mandate by amending his complaint to include the following language:

> Home Depot's unlawful and tortious publication of [Wil-
> son's] purported drug test results to Carver caused [Wilson]
> to suffer mental anguish, intimidation, worry, nervousness,
> stress, anxiety, sleeplessness and anger emanating from his
> fear that Carver would use such information as fodder in the
> custody litigation to take his son away from him. . . . Carver

did in fact, use [Wilson's] drug test results in their custody litigation which led to [Wilson's] loss of custody of his son.

Notwithstanding this amendment to the complaint, the trial court dismissed Wilson's complaint with prejudice on the basis that Wilson "failed to set out any damages which resulted from the alleged negligent conduct of Home Depot." The trial court found Wilson's failure constituted contumacious conduct that warranted dismissal. Wilson appeals this ruling.

The dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order.[3] While a court enjoys broad discretion in determining whether dismissal is warranted,[4] such discretion is not limitless.[5]

Here, the trial court purportedly dismissed Wilson's complaint for his failure to provide a detailed statement of his damages resulting from Home Depot's alleged invasion of privacy. We note, however, that damages are presumed to flow from a tortious act, and a plaintiff may be awarded damages without proof of any specific amount.[6] In other words, damages are not an element of Wilson's claim, and the absence of evidence as to damages does not doom his cause of action.[7] Thus, we question the basis for the trial court's order requiring Wilson to specify his damages.

However, we recognize that even an erroneous order may not be simply disregarded, but must be obeyed until set aside.[8] Moreover, an "erroneous order will support rights, remedies and proceedings predicated thereon."[9] Nonetheless, the record does not demonstrate the type of contumacious behavior that warrants dismissal of the complaint, as dismissal is reserved for "the most flagrant cases — where

---

[3] See *Motani v. Wallace Enterprises*, 251 Ga. App. 384, 385 (1) (554 SE2d 539) (2001); *Gen. Motors Corp. v. Conkle*, 226 Ga. App. 34, 38 (1) (486 SE2d 180) (1997) (physical precedent only).

[4] See *Hernandez v. State of Ga.*, 200 Ga. App. 368, 369-370 (408 SE2d 160) (1991).

[5] See *Harwood v. Great American Mgmt. &c.*, 171 Ga. App. 488, 491 (320 SE2d 269) (1984).

[6] See *MTW Investment Co. v. Alcovy Properties*, 228 Ga. App. 206, 211 (1) (c) (491 SE2d 460) (1997).

[7] See *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 578 (3) (571 SE2d 557) (2002) (elements of claim for invasion of privacy: " '(a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; and (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances' ").

[8] See *Mitcham v. Blalock*, 214 Ga. App. 29, 33 (3) (447 SE2d 83) (1994).

[9] (Punctuation omitted.) Id.

the failure [to comply with the court's order] is wilful, in bad faith, or in conscious disregard of an order."[10]

The record shows that Wilson attempted to comply with the court's order by amending his complaint. Accordingly, this is not a case in which a party has utterly failed to comply with an order.[11] And it appears that it was Wilson's attorney, rather than Wilson, who made contradictory statements regarding the source of Wilson's damages. Under these circumstances, where Wilson attempted to comply with the trial court's order and where there is minimal evidence of blatantly contumacious conduct on the part of the litigant, the trial court abused its discretion in dismissing Wilson's complaint.[12]

2. In a separate claim of error, Wilson contends that the trial court erred in denying his motion for summary judgment on the issue of Home Depot's liability. Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[13] We review a trial court's ruling on motion for summary judgment de novo, and we construe the evidence, and all reasonable conclusions drawn therefrom, in a light favorable to the nonmoving party.[14] Applying this standard, the trial court did not err in denying Wilson's motion for summary judgment on his invasion of privacy claim.

In order to recover for an invasion of privacy, Wilson must show that: (1) Home Depot publicly disclosed private facts; (2) the publicized facts were private and secluded; and (3) the facts disclosed were offensive and objectionable to a reasonable man of ordinary sensi-

---

[10] (Punctuation omitted.) *Hernandez*, supra at 369.

[11] See *Mitcham*, supra at 33-34; *Harwood*, supra. But see also *Gen. Motors Corp.*, supra at 38-39 (1) (the imposition of penalties is not limited to cases involving a total failure to respond). Home Depot argues that the amendment was not timely filed. However, Wilson contends that his pending application for interlocutory appeal of the denial of his motion for summary judgment stayed the Court's order, requiring him to provide a detailed statement of damages. Pretermitting whether the application in fact stayed the court's order, we find Wilson's argument in this regard mitigates against a finding of bad faith on his part. See OCGA § 5-6-46; *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987) (a notice of appeal from an interlocutory order does not act as a supersedeas unless interlocutory appeal procedure is followed).

[12] See *Mitcham*, supra. Home Depot also argues that we should affirm the trial court under the "right for any reason" rule. Specifically, Home Depot contends that under *Foster v. Swinney*, 263 Ga. App. 510 (588 SE2d 307) (2003), Wilson's tort claim fails as a matter of law. What Home Depot fails to include in its brief is the fact that it raised this argument before the trial court, which squarely rejected it. Home Depot did not appeal the trial court's ruling, and we will not address it at this time.

[13] See OCGA § 9-11-56 (c); *Nelson*, supra at 571.

[14] See id.

bilities under the circumstances.[15] According to Wilson, "[t]he dispositive issue . . . is whether Home Depot was privileged to release [his] drug test results to Carver." As this Court has held,

> when the communication is intracorporate . . . *and is heard by one who, because of his/her duty or authority has reason to receive information*, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander.[16]

A similar rule applies for an invasion of privacy claim, which also requires public disclosure. Thus, if a jury found that Carver, by virtue of her management position was privileged to receive the communication, then Wilson would not be able to recover against Home Depot.

According to Wilson, Carver had no legitimate need to know and thus was not privileged to receive the information. Indeed, the evidence shows that Home Depot's policy limited the dissemination of personnel information to "salaried management who have a need to know" the information. However, the evidence also shows that Carver was an assistant manager who contacted Home Depot, using an intra-Home Depot phone system and was given a code for Wilson's termination that only a Home Depot manager could interpret. Under these circumstances, we find there is at least an issue of fact as to whether the communication was privileged. Thus, the trial court did not err in denying Wilson's motion for summary judgment on the issue of liability.[17]

*Judgment affirmed in part and reversed in part. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2007 —
RECONSIDERATION DENIED NOVEMBER 28, 2007 — ▮▮▮▮▮

*Gary C. Harris*, for appellant.
*Jones Day, Rebekah R. Bennett, Paul, Hastings, Janofsky & Walker, John F. Wymer III*, for appellee.

---

[15] See *Haughton v. Canning*, 287 Ga. App. 28, 29 (3) (650 SE2d 718) (2007).

[16] (Punctuation omitted; emphasis in original.) *Hayes Microcomputer Products v. Franza*, 268 Ga. App. 340, 345 (1) (b) (601 SE2d 824) (2004).

[17] See *Dierkes v. Crawford Orthodontic Care*, 284 Ga. App. 96, 100 (2) (c) (643 SE2d 364) (2007); *Randy Ford, Inc. v. Martin*, 146 Ga. App. 335, 336 (2) (246 SE2d 389) (1978).