**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0615. IN THE INTEREST OF S. M., a child.

PHIPPS, Presiding Judge.

Acting pro se, John Mulkey, the father of 17-year-old S. M.,[1] appeals from an order of the Juvenile Court of Bartow County dismissing his petition for termination of guardianship on the basis that he failed to comply with an order of the court. Mulkey also appeals the judgment entered on the legal guardian's counterclaim for contempt, wherein the guardian alleged Mulkey wilfully failed to pay child support. For the following reasons, we affirm the judgment of the court to the extent that it ordered Mulkey to pay child support arrearage; we vacate the judgment to the extent that it dismissed Mulkey's petition for termination of guardianship; and we remand the case to the trial court for further proceedings.

---

[1] S. M. was born June 4, 1998.

On September 13, 2013, Mulkey, through counsel, filed a "Petition to Vacate Permanent Guardianship Pursuant to OCGA § 15-11-30.1 (2) (D)."[2] Mulkey sought to be reunited with his child on the basis that the circumstances upon which he had consented to the appointment of a permanent legal guardian for his child no longer existed, and that he had complied with and completed the requirements of a court-ordered reunification case plan created by the Department of Family and Children Services. Mulkey attached as an exhibit to his petition a copy of the Order of Permanent Guardianship entered by the court on January 14, 2011. The juvenile court issued an order approving the filing of the petition, and directing the matter to be scheduled for a hearing.

S. M.'s legal guardian filed an answer and counterclaim for contempt. The guardian sought, pertinently, dismissal of Mulkey's petition and that Mulkey "be held in willful contempt for his failure to pay child support pursuant to the Order of

---

[2] See OCGA § 15-11-30.1 (a) (2) (A), (D) (2013) (provided that "the juvenile court shall be vested with jurisdiction to appoint a permanent guardian for a child whose custody is a subject of controversy before the court as a result of an adjudication that the child is deprived," and that "[t]he guardianship shall be modified, vacated, or revoked based upon a finding, by clear and convincing evidence, that there has been a material change in the circumstances of the child or the guardian and that such modification, vacation, or revocation of the guardianship order and the appointment of a new guardian is in the best interest of the child."). See *In the Interest of C. A. J.*, 331 Ga. App. 788, 791, n. 2 (771 SE2d 457) (2015).

Permanent Guardianship." Thereafter, Mulkey filed an Amended Petition, requesting therein that the court modify the guardianship order to "provide for visitation between [him] and the child." On December 5, 2013, the juvenile court issued a continuance order on the basis that Mulkey had recently filed the amended petition, and his attorney had requested an opportunity to depose S. M.'s therapist prior to moving forward with the case. The court specifically ordered therein: "[Mulkey's attorney] shall notify the Court if this matter needs to be rescheduled or if this matter needs to be dismissed no later than March 1, 2014."

On June 19, 2014, the juvenile court issued a Final Order. In issuing its dismissal, the court stated:

> This Court entered a continuance order on December 5, 2013 to allow the Petitioner an opportunity to depose the child's therapist, [therapist's name]. The order further stated that if the Petitioner failed to reschedule this matter after said deposition no later than March 1, 2014 this matter shall be dismissed. The Petitioner did not comply with the order of the Court and did not depose [the child's therapist] nor request this matter be rescheduled in the time frame allowed by the Court. As such, the Petition to Vacate the Permanent Guardianship is hereby dismissed.

Concerning the guardian's counterclaim for "wilful contempt" for failure to pay child support pursuant to the guardianship order, the court, in ordering Mulkey to pay

3

arrearage at a specified weekly rate, found as follows: "The Court finds by stipulation that the issue of willfulness cannot be proven by sufficient evidence, as the underlying language of the court [guardianship] order was not clear enough to establish the responsibility to respective parties regarding the notification of the child being on Medicaid."

1. Mulkey challenges the juvenile court's judgment on the guardian's counterclaim ordering him to pay child support arrearage. He disputes the basis for the court's judgment, that basis being: "The Court finds by stipulation that the . . . language of the court order was not clear enough to establish the responsibility to respective parties regarding the notification of the child being on Medicaid."

The guardianship order pertinently provided the following.

IT IS FURTHER ORDERED that the father is in arrearage in the total amount of $2,350.00 for child support. He shall purge himself of this arrearage amount at such time that the child is eligible for Medicaid insurance. Once the child is covered by Medicaid insurance, then the insurance premiums that the father currently pays in the amount of $70.00 a week shall then be paid towards the child support arrearage [at] the rate of $70.00 per week. DFACS shall notify Mr. Mulkey once [S. M.] has been re-accepted under Medicaid.

4

Mulkey contends that the guardianship order was, in fact, "very clear" as to the entity responsible for notifying him that S. M. had been re-accepted under Medicaid; that "no one bothered to inform him" that he no longer needed to pay for medical insurance for S. M. because she had been re-accepted into a Medicaid program; and that consequently, he had "continued to pay medical benefits all the way till January 2014," and "paid out over $5000 in insurance premiums that wasn't used even though the Guardian and DFACS had a copy of the insurance cards." Accordingly, Mulkey argues, "he shouldn't have to pay [the child support arrearage]."

The Final Order was signed by Mulkey and by his then-attorney of record. Above the attorney's signature line, the typewritten notation "Consented to by:" was crossed out, and the notation "Acknowledge Receipt By:" was handwritten above the crossed-out words. The appellate record does not contain any (written or oral) stipulation that the language of the guardianship order was not sufficiently clear to establish the responsibility of the respective parties regarding the notification of the child's Medicaid status. However, "[w]here there is no transcript, an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence."[3]

---

[3] *Freeman v. State*, 215 Ga. App. 341, 341-342 (450 SE2d 346) (1994).

Notwithstanding, Mulkey argues that he "never stipulated to anything," and that when his attorney "came out of chambers with [the] [Final] order [the attorney] stated again we are being denied a hearing on the record and the Court would not listen to nothing he had to say." Mulkey's argument is unavailing. "[W]here the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm."[4]

Where, as Mulkey asserts on appeal, a fact material to his position (i.e., whether he or his attorney stipulated that the language of the guardianship order was not sufficiently clear to establish the responsibility of respective parties regarding the notification of the child being on Medicaid) was misstated in the record on appeal, OCGA § 5-6-41 (f) provides a procedure "to make the record conform to the truth."[5] But Mulkey failed to utilize that procedure. "The burden is on him who asserts error to show it affirmatively by the record and this cannot be done by evidentiary assertions

---

[4] *Transport Indem. Co. v. Hartford Ins. Co.*, 198 Ga. App. 265, 266 (401 SE2d 294) (1990).

[5] OCGA § 5-6-41 (f). See generally *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

in enumerations and briefs. The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error.'"[6]

Accordingly, we cannot consider the unsupported factual assertions Mulkey makes in his appellate brief, and we must presume that the trial court's findings as to the parties' stipulation was supported by the evidence.[7] Therefore, the juvenile court's judgment ordering Mulkey to pay the child support arrearage is affirmed.

2. Mulkey challenges the juvenile court's dismissal of his petition to vacate the guardianship on several grounds.

(a) Mulkey contends that he was denied "his due process right to a hearing to present his case," when, contrary to the findings the court made in the Final Order, the continuance order issued on December 5, 2013 did not provide that "if the Petitioner failed to reschedule this matter after said deposition no later than March 1, 2014 this matter shall be dismissed." We conclude that the juvenile court's dismissal of

---

[6] *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980) (citations and punctuation omitted).

[7] See generally *Laviano v. Travelers Ins. Co*., 276 Ga. App. 611, 612-613 (624 SE2d 189) (2005); *Hickson*, supra; *Jahncke Service, Inc. v. Dept. of Transp*., 134 Ga. App. 106, 107 (1) (213 SE2d 150) (1975); see also *Stephens v. Alan V. Mock Construction Co.*, 302 Ga. App. 280, 284 (1) (b) (690 SE2d 225) (2010) (holding hearing in chambers was not, per se, a violation of due process).

7

Mulkey's petition for termination of guardianship on the basis that he failed to comply with the court's order was improper.

First, we agree with Mulkey that the juvenile court incorrectly summarized its continuance order, and that properly construed, the continuance order did not provide that the failure of Mulkey's attorney to depose S. M.'s therapist and to reschedule the matter thereafter would result in dismissal of the termination petition. The pertinent requirement of the continuance order was that Mulkey's attorney *notify* the court no later than March 1, 2014, *if* the matter needed to be rescheduled or dismissed. The continuance order did not require Mulkey to depose the therapist or to reschedule the matter; nor did it set forth that the occurrence of any specified event would result in dismissal of the petition.

Second, the court, in its Final Order, made no finding that Mulkey's failure to comply with the continuance order was wilful, and "we cannot say that such a determination could be made from the record before us."[8] Mulkey asserts that the trial court did not hold any recorded hearings on the petition to vacate the guardianship or on the amended petition, and the appellate record does not reflect that any recorded hearing(s) were held on these matters.

---

[8] *Rouse v. Arrington*, 283 Ga. App. 204, 207 (2) (641 SE2d 214) (2007).

8

The dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. While a court enjoys broad discretion in determining whether dismissal is warranted, such discretion is not limitless. . . . [D]ismissal is reserved for the most flagrant cases — where the failure to comply with the court's order is wilful, in bad faith, or in conscious disregard of an order.[9]

This court has generally held that before imposing the ultimate sanction of dismissal, "the court must first make a determination, after notice and an opportunity for hearing, that the failure to comply with the order was wilful. But a hearing has not been required where the wilfulness of the recalcitrant party is obvious and undeniable from the record."[10]

---

[9] *Wilson v. Home Depot USA,* 288 Ga. App. 582, 585-586 (1) (654 SE2d 408) (2007) (footnotes and punctuation omitted); see *Gropper v. STO Corp.*, 276 Ga. App. 272, 275 (1) (623 SE2d 175) (2005) ("Under OCGA § 9-11-37 (b) (2) (C), one sanction available to a trial court is that of dismissal of an action for failure to comply with a discovery order. Before exercising its discretion to impose this harsh sanction, a trial court must find that the offending party acted wilfully. The sanction of dismissal for failure to comply with discovery provisions of the Civil Practice Act requires . . . a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance. A conscious or intentional failure to act is in fact wilful. And a party who intentionally fails to comply fully with a court order may be subject to the harshest of sanctions.") (citations and punctuation omitted).

[10] *Rouse*, supra at 206 (citation omitted).

Here, the juvenile court dismissed Mulkey's petition, apparently without holding a recorded hearing in court, based on Mulkey's purported failure to comply with the continuance order in that he "failed to reschedule this matter after [deposing the child's therapist] no later than March 1, 2014." But as previously addressed, the continuance order did not require Mulkey to either depose the therapist or to reschedule the matter within any time frame, such that the failure to do either amounted to wilful or conscious disregard of the continuance order. Notably, Mulkey states in his appellate brief that his attorney's office had contacted S. M.'s therapist in February 2014 and March 2014 to attempt to schedule a deposition, but that after the therapist "stated she had no helpful knowledge as to what was going on with [S. M.] because she hadn't seen her in almost two years[,] [Mulkey] decided it would be a waste of money to depose her." If true, this would negate any bad faith by Mulkey.

> Because the record does not establish without dispute that [Mulkey's] failure to comply with the court order was wilful, we reverse the order of the [juvenile] court [dismissing the complaint] and remand for a hearing on the issue of wilfulness. This case is thus remanded for a hearing and further proceedings consistent with this opinion.[11]

---

[11] Id. at 207 (citation and punctuation omitted).

10

The hearing shall be recorded and shall be conducted in court, not in the judge's chambers. On remand, the court is also ordered to address the merits of Mulkey's amended petition, wherein he sought visitation with S. M.[12]

(b) To the extent Mulkey challenges judgments the juvenile court entered in February 2010 and in January 2011, we have no jurisdiction to consider his claims. Those judgments were entered in cases separate from the underlying case on appeal, Mulkey's notice of appeal did not include an appeal from those orders, and Mulkey's opportunity to appeal those orders has expired.[13] Accordingly, there is nothing for our review in that regard.

(c) Mulkey's challenge to the constitutionality of former OCGA § 15-11-30.1 is unavailing, as Mulkey did not raise that challenge below and the trial court made no ruling as to that issue.[14]

---

[12] In the order on appeal, although captioned "Final Order," the court ruled that "the Petition to Vacate the Permanent Guardianship is hereby dismissed." The court did not adjudicate therein the amended petition wherein Mulkey sought visitation with S. M.

[13] See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").

[14] See *In the Interest of J. R. R.*, 281 Ga. 662, 662-663 (641 SE2d 526) (2007) ("It is well established that [the Supreme Court of Georgia] does not ever pass upon the constitutionality of an Act of the General Assembly unless it clearly appears in

11

*Judgment affirmed in part and vacated in part, and case remanded. Doyle, C. J., and Boggs, J., concur.*

the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge.") (citations omitted); *Rooney v. State*, 287 Ga. 1, 2 (1) (690 SE2d 804) (2010) (the Supreme Court of Georgia has "exclusive appellate jurisdiction pursuant to Art. VI, Sec. VI, Par. II (1) of the Georgia Constitution of 1983 over cases in which the constitutionality of a law has been drawn into question") (citation omitted).