**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A1526. WHOLE LIFE CENTER CHURCH v. DADE COUNTY BOARD OF TAX ASSESSORS.

WATKINS, Judge.

Whole Life Center Church ("WLCC") appeals from the trial court's dismissal of its appeal of a decision of the Dade County Board of Assessors (the "Board") to deny WLCC's application for exemption from ad valorem taxation. The trial court did not reach the merits of the case but rather dismissed the case with prejudice because WLCC did not retain counsel for the hearing after it was instructed to do so. Because the non-lawyer who appeared on behalf of WLCC was not authorized to represent the organization in superior court, we affirm.

The record establishes that WLCC is an unincorporated organization. Aron Benjamin Goins, the minister and managing director of WLCC, submitted an

application for ad valorem tax exempt status to the Board. The Board denied the property tax exemption on May 9, 2024,[1] for two reasons: (1) WLCC did not have 501(c)(3) status as an exempt religious organization from the IRS; and (2) all of the property was not open to the public, rendering WLCC a private organization. WLCC, through Goins, filed its appeal the next day, selecting the option to appeal directly to the superior court rather than to the Board of Equalization.[2] The Board acknowledged receipt of the appeal and scheduled a settlement conference, which was a requirement for the Board to certify the appeal to the superior court. WLCC then submitted a draft petition for review to the Board outlining its position prior to arbitration, in which it stated it was a private, unincorporated church.

The Board certified the appeal, and WLCC, through Goins, filed its petition for review in the superior court against the State of Georgia on July 12, 2024. Goins

---

[1] The 2024 property statement sent to WLCC showed an amount due of $1,035.69, which included $700.30 in back taxes.

[2] A layperson is expressly authorized to appear on behalf of another before the Board. OCGA § 48-5-311(e)(6)(A) ("A taxpayer may appear before the board of equalization concerning any appeal in person, by his or her authorized agent or representative, or both."); see also OCGA § 48-5-311(g)(2) ("A taxpayer may appear for the settlement conference in person, by his or her authorized agent or representative, or both."). Conversely, the statute makes no provision for a taxpayer to appear in superior court through an "authorized agent or representative[.]"

identified himself as the "Attorney (pro se) for Petitioner" in the petition for review and as the "pro bono attorney for my church" in a separate pleading filed in the trial court in August 2024. The trial court set a hearing for December 19, 2024, and counsel for the Board filed a notice of special appearance on its behalf.[3] At the hearing, the trial court advised Goins that as a non-lawyer, he could not legally represent WLCC. The court continued the hearing to February 20, 2025 in an order dated January 6, 2025, to allow WLCC to obtain counsel. At the hearing in February, WLCC appeared again via Goins without counsel, and the trial court entered a final order dismissing the case with prejudice. No transcript of evidence or proceedings was included in the record.

1. WLCC contends that the trial court erred in dismissing its complaint for failure to obtain counsel. We disagree.

It appears that our appellate courts have not previously spoken on the ability of a layperson to represent an unincorporated organization in a court of record, but we hold that such is unauthorized. In the case of *Eckles v. Atlanta Technology Group, Inc.*,[4]

---

[3] The record does not include the transcript from the hearing.

[4] 267 Ga. 801 (485 SE2d 22) (1997).

when establishing that a corporation may only be represented by an attorney in a court of record, our Supreme Court stated that if a layperson were to do so he or she would be "clearly engaged in the practice of law in a representative capacity."[5] The Supreme Court acknowledged that "problems ... are likely to arise when a layman serves as the legal representative for a corporation in a proceeding in a court of record[.]"[6] Just as "[n]atural persons with no license to practice law are not permitted to act as 'attorneys' and represent other natural persons in their legal affairs[,]" the Supreme Court held that "non-attorney agents are not allowed to represent corporations in litigation, for a wholly unintended exception to the rules against unauthorized practice of law would otherwise result."[7]

*Eckles* is expressly limited to corporations, but its reasoning applies with equal force to unincorporated associations.[8] Permitting Goins to represent WLCC would

---

[5] *Eckles v. Atlanta Tech. Grp., Inc.*, 267 Ga. 801, 804 (2) (485 SE2d 22) (1997).

[6] Id. at 803-804 (2).

[7] Id. at 804-805 (2) (citation and punctuation omitted).

[8] The cases of *Largo Villas Homeowners' Ass'n v. Bunce* , 279 Ga. App. 524 (631 SE2d 731) (2006) and *Hicks v. Khoury*, 283 Ga. 407 (658 SE2d 616) (2008), cited by the dissent, do not change the analysis. Dicta contained in a footnote in *Largo Villas* provides "that the ruling of *Eckles* does not apply to unincorporated associations[.]" 279 Ga. App. at 525, n. 2. We are not bound by dicta because "obiter dicta lack[s] the

4

permit him to represent the interest of individuals other than himself. This is wholly incompatible with the criminalization of the unauthorized practice of law.[9]

"It is the creation and regulation of the State Bar of Georgia, through the decisions and orders of [the Supreme Court of Georgia], that now constitute the exclusive means of governing the practice of law in Georgia."[10] In the absence of

---

force of an adjudication because it was a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (citations and punctuation omitted). Moreover, it is a correct statement of the law. Undisputedly, *Eckles* is binding precedent only with regard to corporations. Moreover, any reliance on the case of *Hicks* is likewise unavailing. Although in that case an unincorporated association pursued a mandamus petition without counsel, the issue of the need for legal representation was not presented. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Wolfe v. Boards of Regents of the Univ. Sys. of Ga.*, 300 Ga. 223, 231 (2)(d) (794 SE2d 85) (2016) (citation and punctuation omitted).

[9] See OCGA § 15-19-51
It shall be unlawful for any person other than a duly licensed attorney at law ... [t]o practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body[.] ... Unless otherwise provided by law or by rules promulgated by the Supreme Court, it shall be unlawful for any corporation, voluntary association, or company to do or perform any of the acts recited in subsection (a) of this Code section.

[10] *Eckles*, 267 Ga. at 804 (2).

explicit direction from the Supreme Court of Georgia that a layperson can represent an unincorporated association in a court of record, we will not stray from the principle that such would constitute the unauthorized practice of law. Accordingly, the trial court did not err in dismissing WLCC's suit.

2. WLCC further contends that the trial court erred in making the dismissal be with prejudice. This is of no consequence. "A dismissal with prejudice operates as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause."[11] Even if the trial court dismissed WLCC's suit without prejudice, WLCC was nonetheless time-barred from seeking continued review of the Board's decision as all of the deadlines in the review process have

---

[11] *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983).

passed.[12] "An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful."[13]

3. In light of our disposition in Divisions 1 and 2, we do not reach WLCC's other claims of error.

*Judgment affirmed. Barnes, P.J., concurs; Brown, C. J., dissents.*

---

[12] See e.g., OCGA § 48-5-311(g)(2) ("If at the conclusion of the settlement conference the parties cannot reach an agreement, then written notice shall be provided to the taxpayer that the filing fees for the superior court must be paid by the taxpayer by submitting to the county board of tax assessors a check, money order, or any other instrument payable to the clerk of the superior court within 20 days of the date of the conference.").

[13] *In re Wilson*, 374 Ga. App. 326, 328 (912 SE2d 354) (2025) (citation and punctuation omitted).

# In the Court of Appeals of Georgia

A25A1526. WHOLE LIFE CENTER CHURCH v. DADE COUNTY BOARD OF TAX ASSESSORS

BROWN, Chief Judge, dissenting.

I must respectfully dissent to the majority's holding that an unincorporated organization must be represented by an attorney in a court of record. Although it is clear that in *Eckles v. Atlanta Tech. Group*, our Supreme Court held that a corporation must be represented by a licensed attorney in a court of record, id. at 804–05(2), the Court also expressly emphasized that its holding "[was] applicable to corporate representation only and that all non-corporate business owners are completely unaffected thereby." Id. at 806(2). See also *Largo Villas Homeowners' Ass'n v. Bunce*, 279 Ga. App. 524, 525 n.2 (631 SE2d 731) (2006) ("The rule of *Eckles* applies only to

corporations, and thus does not apply to unincorporated associations."). In dicta, the *Eckles* court explained that when a corporation "accept[s] the benefits of incorporation, a corporation must also accept the burdens, including the need to hire counsel to sue or defend in court. . . . A layman's legal representation in a court of record of another 'person' in the form of a separate corporate entity is all that is proscribed by our holding today." Id. at 805–06(2) (punctuation omitted). Here, the trial court made a factual finding that WLCC was an unincorporated association. It was not a separate corporate entity. As such, WLCC was not required to obtain an attorney to appear in superior court. See generally *Hicks v. Khoury*, 283 Ga. 407 (658 SE2d 616) (2008) (representatives of unincorporated association filed a mandamus petition against a county board of commissioners in the trial court). See also OCGA § 48-5-311(g)(2).

OCGA § 48-5-311(g)(1) authorizes taxpayers to "appeal decisions of the county board of equalization, hearing officer, or arbitrator, as applicable, to the superior court of the county in which the property lies." The record shows that WLCC is the taxpayer in this instance, and WLCC designated Goins to operate as its representative. The law favors deciding tax appeals on the merits. See *Fulton County Bd. of Tax*

*Assessors v. Layton*, 261 Ga. App. 356 (582 SE2d 520) (2003). Accordingly, the trial court's dismissal of the action for WLCC's failure to retain an attorney was erroneous.